**In the Matter of Donald P. and Tina R. WRIGHT, Debtors.**

Bankruptcy No. 3–86–02180.

United States Bankruptcy Court, S.D. Ohio, W.D.

Dec. 23, 1986.

R.L. Cousineau, Dayton, Ohio, for debtors.

## DECISION ORDERING SANCTIONS

THOMAS F. WALDRON, Bankruptcy Judge.

This is a case that arises under 28 U.S.C. § 1334(a) and having been referred to this court is determined to be a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (0). On August 22, 1986, the above debtors filed a voluntary Chapter 7 bankruptcy case under Case No. 3–86–02180 (Doc. 2). On October 17, 1986, the debtors filed a Statement Of Debtors' Intention With Respect To Retention Or Surrender Of Certain Property (Doc. 7) which provided in the section relevant to this proceeding that the debtors intended to surrender certain property to Avco Financial Services of Ohio, Inc., hereinafter, Avco. Although the debtors' intention with respect to Avco's claim had been of record in the bankruptcy court for some twenty-one (21) days, on November 7, 1986, Avco through its attorney R.L. Cousineau, hereinafter counsel, filed a Motion (Doc. 8) which read,

> Now comes Avco Financial Services and moves this Court for an Order to show cause why a discharge should not be granted for the reason the debtor has failed to file within 30 days the statement of intention to surrender or retention of property of the estate secured by a consumer debt.

On November 10, 1986, the debtors filed a Memorandum Contra which correctly pointed out the debtors' filing on October 17, 1986 of their Statement Of Intention concerning Avco's debt and concluded, "[T]he processing of Debtors' Discharge should not be interrupted by Avco's Motion." (Doc. 9).

On November 17, 1986, the court entered an order setting a hearing on the Motion Of Avco and the Memorandum Contra filed by the debtors and, additionally, on "[T]he court's own motion pursuant to Bankr.R. 9011 to determine sanctions against Avco Financial Services and its counsel in connection with the filing of the motion filed November 7, 1986." (Doc. 10) On November 18, 1986, Avco, through its counsel, filed a Motion (Doc. 11) withdrawing the Motion of November 7, 1986 concerning the debtors' receipt of a discharge. On December 1, 1986, the court entered an order (Doc. 12) which provided in part,

"The withdrawl of Avco Financial Services motion is HEREBY APPROVED; however, the court's own motion pursuant to Bankr.R. 9011 to determine sanctions against Avco Financial Services and its counsel in connection with the filing of the motion filed November 7, 1986 shall be heard on December 16, 1986 at 10:00 a.m. o'clock as originally scheduled."

Thereafter, Avco filed a memorandum (Doc. 13) and the attorney for the debtors filed a statement in which he waived any claim to expenses incurred or fees in connection with Avco's motion (Doc. 14) and a further supplement in which the debtors provided additional documentary evidence (Doc. 15).

The matter was heard on December 16, 1986, at which time the court brought to the attention of counsel for Avco, that, in at least two previous cases (*In re Danial E. Cavender*, Case No. 3–86–01744 (Doc. 8) and *In re Robert E. Minnish, et al.*, Case No. 3–86–02000) (Doc. 10), the court, on October 17, 1986, had entered orders denying similar motions of counsel questioning the debtor's receipt of a discharge and specifically directing counsel's attention to Bankr.R. 7001(4) and stating, "Objections to discharge must be filed as a complaint." Copies of these orders were mailed to counsel on October 24, 1986, and, at the time of the hearing on December 16, 1986, counsel acknowledged that he had seen these orders.

Counsel took no action in this court that questioned the court's orders denying these previously filed similar motions. He did, however, approximately two (2) weeks later, on November 7, 1986, file the within Motion which requested as relief that "[A] discharge should not be granted for the reason that debtor has failed to file within 30 days a statement of intention ..." (Doc. 8). (Counsel also filed a similar motion in Case No. 3–86–02330, *In re Michael Herman Fackler, Sr.*, to which no response was filed by the debtor and which the court believed was to be heard at the same time as the within matter; however, the matter was not properly noticed for hearing, and the court has now determined to take no further action in Case No. 3–86–02330.)

The memorandum filed by counsel December 9, 1986 (Doc. 13) concludes, "If the declaration is not timely filed Avco Financial Services' counsel should have the right to protect the interests of his client.". Not only is this a statement with which the court agrees, but the requirement to comply with 11 U.S.C. § 521 falls, in the first instance, on the debtors and debtors' counsel. It is the intention of the Bankruptcy Code that among the debtors' various duties is the requirement that they file schedules listing consumer debts which are secured by property of the estate and file a statement of their intention with respect to the surrender or retention of such property. 11 U.S.C. § 521(2) This duty of the debtors is subsequently monitored by the Chapter 7 trustee and should, in most instances, require no action on the part of secured creditors. In an attempt by this court to give effect to Section 521, this court has required that the Chapter 7 trustee, following the meeting of creditors (11 U.S.C. § 341) and prior to the discharge hearing (11 U.S.C. § 524(d)), specifically report to the court whether or not all required Statements Of Intention have been filed in a particular bankruptcy proceeding. When there has been a failure to file the required Statement Of Intention, the court has specifically directed that the debtor immediately execute and file with the court the required statement. This court has attempted to ensure compliance with Section 521(2) not only because the debtor is required to file such an intention, and not only to inform the secured creditor, but to specifically prevent such matters from appearing on the court's docket.

The court's concern in this case relates not to the debtors' nor to Avco's rights and duties in connection with a Statement Of Intention, but to counsel's filing a motion to require the debtors to file what the record revealed the debtors had already filed, and counsel's questioning, in a manner that the court had previously deter-

mined was not permitted by the Bankruptcy Rules, the debtors' right to a discharge. The Bankruptcy Rules contemplate that a debtor's discharge shall be granted unless specific action is taken by the court or a party in interest to prevent the issuance of the discharge. The debtor's discharge is central to the "fresh start" envisioned by a bankruptcy filing and the Bankruptcy Rules provide strict standards requiring prompt action by any party seeking to deny a discharge. (*See* Bankr.R. 4004—(a) Sixty (60) days from the first date set for the meeting of creditors to file a complaint objecting to discharge under § 727(a); (b) extensions may be granted for cause only if made before the expiration of the sixty (60) days (or the time provided by a prior extension); (c) the court shall forthwith grant the discharge unless the debtor is not an individual, a complaint objecting to discharge has been filed or the debtor has filed a waiver of discharge; and, (d) objection to discharge is governed by the Adversary Rules 7001 et seq. *See also* Bankr.R. 9006(b) which limits the court's otherwise discretionary authority to extend filing times.)

The Bankruptcy Rules provide "In a contested matter in a case under the Code *not otherwise governed by these rules*, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." Bankr.R. 9014 (emphasis supplied). Rule 7001 provides "An adversary proceeding is governed by the rules of this Part VII. It is a proceeding in a bankruptcy court … (4) *to object to or revoke a discharge,....*" (emphasis supplied)

Counsel's argument in his memorandum (Doc. 13) that the attorney for the debtor did not mail him a copy of the debtors' Statement Of Intent, while not a commendable practice by the debtors' attorney, is not an acceptable excuse for his failure to conduct the reasonable inquiry required by Bankr.R. 9011, which in this case would have been to examine the file prior to filing his motion. If this matter was significant enough to counsel and his client to request the court's time and attention, it should have been significant enough to merit an examination of the record in this case prior to actually filing the motion. Likewise, counsel's argument at the hearing that he filed the within motion because he was still debating whether or not to agree or disagree with the court's previous rulings is unpersuasive since he did not file with the court any document questioning the court's previous orders or requesting time in which to review the court's previous orders and did not file an appeal in the time provided under Bankr.R. 8002(a). As this court has previously noted,

> A constant guidepost on the pathway to a final presentation of the matter for decision by the court is provided by Bankr.R. 9011(a) which states in part:
>
> > The signature of an attorney or a party constitutes a certificate by him that he has read the document; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation … If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.
>
> This court shall enforce the provisions of this rule by appropriate orders at all stages of a case. *Matter of Schwartzman*, 63 B.R. 348, 356 (Bankr.S.D.Ohio 1986).

While it is necessary for the court to recognize that in connection with almost every issue that comes before the court some good faith argument can be made for

or against the issue presented, it is also incumbent upon counsel to recognize that at another point in the proceeding such arguments are weighed and a determination is made by the court. This determination may well be incorrect, and it is for that purpose that a multi-tiered appellate system has been designed. In the first instance the matter can be reexamined by an appropriate motion to this court, and thereafter, through an appeal to a series of reviewing courts. If counsel, particularly competent and experienced counsel who frequently appear in this court's proceedings, ignore orders of this court to which they do not seek initial or appellate review, the future effective and efficient operation of this court is seriously jeopardized. As one appellate court recently noted, "In view of the heaviness of this court's docket, we can scarcely afford to countenance artificial increases of judicial burdens caused by an attorney's plain disregard of his responsibilities to the court". *S & D California Fruit Exchange, Inc. v. Gurino,* 783 F.2d 345, 347 (2d Cir.1986).

If this were the only instance of such a motion by counsel, perhaps judicial discretion, if not judicial duty, would suggest that, since counsel withdrew the motion and the debtors' attorney has filed a written waiver of any request for fees or expenses, even though the matter has generated unnecessary filings in the case, unnecessary settings on the court's docket, etc., the matter should be dismissed in the hope that the situation would not occur again. The court has concluded that such a dismissal would not be appropriate in the circumstances of this case.

The language of Bankr.R. 9011, "[T]he court on motion or on its own initiative, shall impose ..." would appear to mandate sanctions for any violation of the rule; however, it must be conceded that among the reasons explaining the absence of reported cases under Fed.R.Civ.Proc. 11 is a reluctance on the part of judges to impose sanctions on attorneys. *See generally,*

*S.M. Kassin, An Empirical Study of Rule 11 Sanctions,* at 4 (1985), *R. Rodes, K. Ripple, & C. Mooney, Sanctions Impossible for Violations of the Federal Rules of Civil Procedure,* at 65 (1981). As the court stated in *In re Sanctions For Failure To Comply With The Court Order* 58 B.R. 560, 572 (D.Conn.1985),

These sanctions are nonetheless ordered with considerable reluctance. It is never easy for a court to impose sanctions on members of the Bar.... *See generally, Roadway Express v. Piper, supra,* 447 U.S. [752] at 763–765, 100 S.Ct. [2455] at 2462–2463 [65 L.Ed.2d 488] (importance of sanctions for the purpose of general deterrence); *National Hockey League v. Metroplitan Hockey Club, Inc.,* 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976) (same); *Litton Systems, Inc. v. American Tel & Tel. Co. supra,* 700 F.2d [785] at 827 (same); *Penthouse International Ltd. v. Playboy Enterprises, supra,* 663 F.2d [371] at 386–387 (same); *Cine Forty-Second St. Theatre v. Allied Artists, supra,* 602 F.2d [1062] at 1066–1067 (same).

An articulation of the appropriate balance between undue interference in the adversary system and due regard for the effective operation of the court system is found in *Eastway Construction Corp. v. City of New York,* 762 F.2d 243, 254 (2nd Cir.1985),

Courts must strive to avoid the wisdom of hindsight in determining whether a pleading was valid when signed, and any and all doubts must be resolved in favor of the signer. But where it is patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify or reverse the law as it stands, Rule 11 has been violated.

This court believes that it shares a commonly held judicial belief that the practice of law is a individual art capable of a multitude of unique expressions, often re-

petitive, but seldom identical. It is a necessary concomitant to the practice of law in an adversary system that the court ensure an environment which encourages counsel to advance a full range of expression on behalf of their clients, particularly novel, creative, or previously unexplored arguments and presentations. This court, however, finds no inconsistency in the above statements and the imposition of sanctions on counsel pursuant to Bankr.R. 9011 or other authority. It could hardly be maintained that Rule 9011 establishes a pinnacle of performance to which attorneys should aspire; rather, Rule 9011 establishes a continuing inquiry level which must always be attained before counsel signs and files any document with the court.

In this case, the court determines that no sanction should be imposed upon Avco and that the sanction imposed upon counsel should be minimal. Accordingly, the court orders that counsel shall pay to the Clerk of the Bankruptcy Court the amount of one hundred dollars ($100.00). This amount shall be payable at the Clerk's office in Dayton, Ohio within three (3) days following the expiration of the ten (10) day period provided for an appeal of this order. If an appeal of this order is filed, the payment of the one hundred dollar ($100.00) amount shall continue to remain suspended until a final appellate determination is made of this order.

An order in accordance with this decision is simultaneously entered.

SO ORDERED.