In the Matter of Ralph E. BEAM, Joan E. Beam, Debtors.

**HOUSEHOLD FINANCE COMPANY, Plaintiff,**

v.

**Ralph E. BEAM, Joan E. Beam, Defendants.**

Bankruptcy No. 3–86–02060.
Adv. No. 3–87–0001.

United States Bankruptcy Court, S.D. Ohio, W.D.

April 29, 1987.

Augustus L. Ross, III, West Alexandria, Ohio, for plaintiff.

William H. Bertram, Jr., Greenville, Ohio, for debtors/defendants.

Townsend Foster, Jr., Troy, Ohio, trustee.

DECISION OVERRULING PLAINTIFF'S AMENDED MOTION FOR EXTENSION OF TIME, GRANTING DEFENDANT'S MOTION TO DISMISS AND SETTING HEARING ON DEFENDANT'S MOTION FOR ATTORNEY'S FEES

THOMAS F. WALDRON, Bankruptcy Judge.

This is a case arising under 28 U.S.C. § 1334(a) and having been referred to this court is determined to be a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (I). This voluntary Chapter 7 case was filed on August 11, 1986. On August 15, 1986, the court issued an order setting the date for the meeting of creditors and providing notice of other dates, including a provision that declared, ."Unless otherwise extended by the court, November 10, 1986 is fixed as the last day to object to the debtor's discharge or to object to the dischargeability of a specific debt." (Doc. 3, Case No. 3–86–02060).

On November 24, 1986 a creditor, Household Finance Company (Household), filed a motion (Doc. 8, Case No. 3–86–02060) requesting an extension of time in which to file an objection to the dischargeability of the debt due it. The motion read in part, "Counsel submits that this request is not timely made due to a mistake by counsel inadvertently filing this motion in case number 3–86–02333, In Re: Cooper. Counsel represents the same creditor in both the former and latter cases. In addition, that motion was timely filed." Household's motion did not contain a certificate of service or any indication that the debtors or their counsel had received notice of either the prior motion filed in the unrelated case or the November 24, 1986 motion filed in this case.

On December 11, 1986, a discharge was issued to the debtors (Doc. 11, Case No. 3–86–02060). On January 5, 1987, Household filed a complaint (Adversary No. 3–87–0001) objecting to the debtors' discharge and to the dischargeability of the debt due it. On January 16, 1987, Household filed a motion to substitute its present counsel in this proceeding for counsel who had previously handled the matter for it (Doc. 14, Case No. 3–86–02060). On January 20, 1987, present counsel for Household filed an amended motion (Doc. 15, Case No. 3–86–02060) requesting an extension of time in which to file a complaint objecting to the debtors' discharge and the dischargeability of the debt due Household. This motion again stated that the original motion re-

questing an extension of time in this case—Beam, 3–86–02060—had been timely filed, but had been filed in an unrelated case—Cooper, 3–86–02333. Counsel for Household has never suggested to the court that either the debtors or their counsel were mailed a copy of the motion filed in the unrelated case or the November 24, 1986 motion filed in this case. Prior to the court ruling on the original or the amended motion filed by Household, the debtors filed a motion for dismissal of Household's complaint and for an award of attorney fees (Doc. 7, Adversary No. 3–87–0001).

This matter is before the court on the motions of Household requesting additional time in which to file a complaint to deny the debtors' discharge and to determine the dischargeability of the debt due it, the motion for dismissal and for attorneys fees and accompanying memorandum and affidavit filed by the debtors and the memorandum of Household in opposition to debtors' motion for dismissal and attorney's fees.

The resolution of the issues presented in this case requires an understanding of the interrelationship of the provisions of 11 U.S.C. § 523(a)(2), (4), and (6) and § 523(c) and Bankruptcy Rules 4007(c) and 9006(b). An explanation of this interrelationship, which this court approves, was recently set out in *In re Kirsch*, 65 B.R. 297, 299–300 (Bankr.N.D.Ill.1986), as follows:

> Bankruptcy Rule 4007(c) provides complaints to determine the dischargeability of certain debts under § 523 of the Bankruptcy Code must be filed within 60 days of the first date set for the meeting of the creditors. If under Rule 4007(c) a complaint alleging that a debt is nondischargeable under § 523(a)(2) (fraud or false financial statements), § 523(a)(4) (fraud or defalcation by a fiduciary, embezzlement or larceny) or § 523(a)(6) (willful and malicious injuries to persons or property), is filed late all debts which might otherwise be nondischargeable under those provisions are in fact discharged regardless of how good a case for nondischargeability a creditor might have on the merits. Once the Rule 4007(c) time has elapsed, a properly scheduled creditor can never raise the question of the nondischargeability of a claim on any of these grounds in the Bankruptcy Court or in any other forum. *Compare* § 523(a)(3) [1].

The result is automatic and sometimes leads to harsh results. However, Congress intended to establish a system whereby certain types of nondischargeability claims would be automatically cut off after a relatively short period of limitations in order to prevent debtors from being harassed by creditors after their claims had been discharged in bankruptcy. Congress meant to cure the abuse whereby debtors were routinely sued by creditors long after bankruptcy creditors claiming that their claims were not discharged because of fraud or a false financial statement. *See* Countryman, "The New Dischargeability Law", 45 Am.Bankr.L.J. 1 (1971). This policy underlies § 523(c) of the Bankruptcy Code.

Bankruptcy Rules 4007(c) and 9006(b)(3) implement the § 523(c) policy. The deadline fixed by Rule 4007(c) is set in stone by Rule 9006(b)(3). The latter rule makes it clear that the Rule 4007(c) time can only be extended by motion filed before the Rule 4007(c) time expires. Once the time expires, it cannot be extended on grounds of excusable neglect or otherwise. *In re Shelton*, 58 B.R. 746, 748–49 (Bankr.N.D.Ill.1986); *In re Lane*, 37 B.R. 410, 414 (Bankr.E.D.Va. 1984); *In re Whitfield*, 41 B.R. 734, 736 (Bankr.W.D.Ark.1984).

---

[1] This rule does not apply when dischargeability complaints are filed under any other paragraph of § 523(a). *See* Bankr.R. 4007(b).

A similar determination appears in *In re Klein*, 64 B.R. 372, 375 (Bkrtcy.E.D.N.Y. 1986).

Movant protests mightily that to deny his motion for procedural reasons is improper, particularly in light of his belief that Debtor engaged in serious acts of misconduct which should bar any discharge. Such emotional contentions are understandable. As a general rule, justiciable controversies should be substantively decided and not barred by procedural technicalities, unless some important policy or purpose is served. How-

ever, Bankruptcy Rules 4004(a) and (b), 4007(c) and 9006(b)(3) do indeed reflect an important policy or purpose and their enforcement is basic to proper bankruptcy administration.

Fundamental to our insolvency laws is the notion that bankruptcy in the life of an individual is a passing phenomenon, after which life must go on. The viability and rapidity of that process is the essence of the discharge in bankruptcy and related fresh start doctrine. *See,* Bankruptcy Rule 4004(c) ["In a chapter 7 case, on expiration of the time fixed for filing a complaint objecting to discharge, the court shall forthwith grant the discharge %y(4)"]; *Bradco Supply Corporation v. Lane (In re Lane),* 37 B.R. 410, 412 (Bkrtcy.E.D.Va.1984); *In re Koritz,* 2 B.R. 408, 413–414 (Bkrtcy.D.Mass. 1979). Bankruptcy Rules 4004(a) and (b), 4007(c) and 9006(b)(3) are the means utilized to achieve this objective. They reflect a considered determination that a final cut-off date insuring that debtors will be free after a date certain, outweighs individual hardship to creditors that may be caused by rigid adherence to the rules. *See, American Express Company v. Waldman (In re Waldman),* 33 B.R. 328, 331 (Bkrtcy.S.D.N.Y.1983).

■ If the clear Congressional policy evidenced by the above specific language of the Code and Rules and supported by consistent judicial decisions precludes a Bankruptcy Court from granting any extension of the Rule 4007(c) time after its expiration on the grounds of excusable neglect or reliance, even when such a request is filed in the appropriate case, it could certainly not permit the granting of an extension of the Rule 4007(c) time for actions taken in an unrelated bankruptcy case or proceeding. While this court would be naive not to recognize that counsel for a major creditor actively involved in consumer lending handles a large volume of cases involving § 523 adversary proceedings, this court could not countenance the creation of a judicial exception to the Rule 4007(c) time that would permit pleadings filed in an unrelated case or proceeding to be applicable to the parties in this case or proceeding,

particularly where, as in this proceeding, these debtors (the Beams) received no notice of any action by Household until almost two (2) months after the expiration of the date fixed in the court's order as the last date for filing such actions.

Plaintiff's citations to *In re Klein,* 31 B.R. 947 (E.D.N.Y.1983) and *In re Couch,* 43 B.R. 56–59 (E.D.Ark.1984) are not helpful to the plaintiff's position. In those cases the complaint was timely filed in the correct bankruptcy case, although it was in one aspect or another defective, and the court allowed amendments to those timely filed pleadings. The most miniscule crack that appears in connection with the concrete containment of Rule 4007(c) is the possibility of a court correction of a court created error. In *Matter of Hickey,* 58 B.R. 106 (Bankr.S.D.Ohio 1986), however, where the court allowed the filing of a complaint after the Rule 4007(c) time had expired because the court's own notice had incorrectly listed an erroneous date as the last date to file a complaint, the court noted, "We recognize that Bankr.R. 9006 and 4007(c) do not allow an extension of time for filing dischargeability complaints except upon a motion by a party and for good cause shown, and that no extension may be granted once the time has run (citation omitted)." At 108. *See also In re Rhodes,* 14 B.C.D. 953, 956 (9th Cir.BAP 1986) and *In re Schwartz & Meyers,* 64 B.R. 948, 953–54 (Bankr.S.D.N.Y.1986).

Accordingly, the court DENIES the plaintiff's motions for additional time and GRANTS the debtors' Motion To Dismiss the plaintiff's complaint.

The next matter concerns the debtors' request for attorney's fees pursuant to 11 U.S.C. § 523(d) (1984), which provides that if a creditor requests a determination pursuant to 11 U.S.C. § 523(a)(2) and such debt is subsequently determined not to be an exception to discharge, the court shall grant judgment in favor of the debtor for costs and a reasonable attorney's fees for the proceeding, if the court determines that the creditor's position "[W]as not substantially justified, except that the court shall not award costs and fees if special circumstances would make the award unjust."

The procedural posture of this case requires a different discussion of the applicability of Section 523(d) than reported cases which have discussed the 1986 amendment to that section. *See Matter of Van Buren*, 66 B.R. 422 (Bankr.S.D.Ohio 1986); *In re Woods*, 69 B.R. 999, 1001–04 (Bankr.E.D. Penn.1987). These reported cases have discussed the applicability of § 523(d) to a complaint to determine dischargeability timely filed in the appropriate case that proves unsuccessful at the conclusion of the presentation of the evidence in the proceeding. Obviously, in this proceeding, the court has not heard the evidence that the plaintiff has or could produce in connection with the determination of its complaint. Further, as a result of this decision, the court will not hear such evidence, since the plaintiff's failure to timely file a complaint, or timely file in this case an application to extend the time in which to file such a complaint, will forever bar the presentation of the plaintiff's claim, even if the plaintiff would have prevailed on its claim.

Although in this case the request for an award of attorney fees pursuant to § 523(d) appears prior to the presentation of the plaintiff's case rather than following the presentation of the plaintiff's case, nothing in the language or history of § 523(d) would prevent consideration of such an award. The analysis employed *Van Buren, supra,* is applicable to the resolution of this issue. The court must consider whether Household's filing of the complaint to determine dischargeability was substantially justified in light of the factual and legal circumstances that existed at the time the complaint was filed. The consideration is not whether Household would prevail on its complaint; but rather, whether, Household's filing was substantially justified in light of its knowledge that the complaint was not timely and Household had not received a ruling on its original or amended motion for additional time in which to file such a complaint.

There are congruent conceptual underpinnings to Bankr.R. 9011(a) and 11 U.S.C. § 523(d) insofar as each contemplates that no pleading will be filed that does not find support in existing law or, if there is no support in existing law, that the filing will be accompanied by a good faith presentation of arguments for the extension, modification or reversal of existing law. *Matter of Wright*, 68 B.R. 660, 662–69 (Bankr. S.D.Ohio 1986), *Invst. v. Chem-Nuclear Systems*, 815 F.2d 391, 401–02 (6th Cir. 1987).

In reviewing matters involving "substantially justified" or "warranted by existing law or a good faith argument for the reversal, extension or modification of existing law" the court is not required to deeply examine the persuasive effect of the arguments advanced to determine which party would prevail; but rather, it is called upon to merely note whether a potentially persuasive argument within the ambit of § 523(d) or Rule 9011(a) has been advanced in support of the proponent's position. A constitutive element of the advocacy system would be crushed if courts construe the provisions of § 523(d) or Rule 9011 with a chilling force neither intended by the persons who drafted the provisions nor required by the courts who must enforce them. Similarly, an essential element for the effective operation of the court system would be impermissibly burdened if counsel commence actions and proffer pleadings without contemplation of the threshold considerations required under Section 523(d) or Rule 9011(a).

As this court has noted, "It is a necessary concomitant to the practice of law in an adversary system that the court ensure an environment which encourages counsel to advance a full range of expression on behalf of their clients, particularly novel, creative, or previously unexplored arguments and presentations." *Wright* at 664. The court finds nothing inconsistent with that general statement and a specific determination in this proceeding that the filing of the plaintiff's complaint is not substantially justified.

■ Counsel for the plaintiff has been unable to cite a single case in support of the position that the filing, in a separate unrelated bankruptcy case, of an application to extend the time in which to object to

the dischargeability of the debt due it in this bankruptcy case is sufficient to comply with the requirements of the Bankruptcy Code and Rules governing the time for filing such complaints. Neither the legal arguments advanced, nor the factual situation presented in Household's memorandum could provide substantial justification for the plaintiff's position in the absence of a ruling on Household's motions requesting additional time in which to file such a pleading, the explicit statutory language of Rule 4007(c) and the consistent judicial interpretations of that language.

One remaining aspect of Household's arguments to be addressed is counsel's characterization and conclusions concerning an Order issued by this court. On December 8, 1986, the court issued its standard "Order Requiring Filing Of Preliminary Pretrial Statement And Motions Pursuant to 28 U.S.C. § 157(b), § 157(d) and § 1334(c)(2)" which provides in part, "In order to expedite the disposition of adversary and *contested matters* in which an evidentiary hearing may be required, the court orders that each litigant complete and file the attached preliminary pretrial statement." (emphasis added) (Doc. 9, Case No. 3–86–02060). The memorandum of Household's counsel reads in part,

"On December 8, 1986, the Court filed an Order requesting filing of Preliminary Pretrial Statement and Motions. The *Debtor* was given twenty (20) days to respond to the Motion filed November 24, 1986. Debtors failed to respond.

Attorney for Creditor treated this order as an extension of time and duly filed on January 5, 1987, a Complaint Objecting to Discharge and Dischargeability of Debt.

On December 8, 1986, Attorney Henry received paper signifying that this was to be an adversary procedure and that a preliminary pre-trial statement should be filed.

The rules are clear that an adversarial proceeding shall be filed within 60 days after the first Meeting of Creditors unless a Motion for Extension of Time is filed. It was apparent to present counsel for creditor that the Court felt that the

only issue that existed when the amended Motion for Extension of Time was filed was whether the debtor had received copies of the documents filed on November 24, 1986. It was the Court that directed present counsel to file the amended Motion"

While this court cannot prevent counsel from characterizing or concluding whatever counsel chooses to when reviewing court orders, counsel's position cannot be given credence by this court. While counsel's conjecture is correct that the court would consider a potential issue in this case to be whether Household had any evidence that the debtors or their counsel had received notice of the motion to extend time in the unrelated case No. 3–86–02333, *In re Cooper,* and the motion filed in this case on November 24, 1986, this court can find no language in its order of December 8, 1986 which would justify counsel's conclusion that such a potential issue would be the "only issue that existed." Further, this court can find no language in its order of December 8, 1986 which would justify counsel's decision to treat that order as "an extension of time". An order granting the debtors a specific period of time in which to file a responsive pleading to Household's motion that failed to contain a certificate of service cannot be converted into an order granting additional time to Household in which to file a complaint to determine the dischargeability of a debt, notwithstanding the contrary assertion of Household's counsel.

Accordingly, the court concludes that the position of Household was not substantially justified.

The issue remaining for determination is whether "special circumstances would make the award unjust". Counsel for the debtors has submitted a claim for attorney fees which does not demonstrate the basis for his position that "[H]is reasonable attorney fees are the value of Two Hundred Fifty Dollars ($250.00) to the point of filing this Motion." (Doc. 7, Adversary No. 3–87–0001). Accordingly, counsel for Household has not had an opportunity to review

or respond to debtors' counsel's claim, nor to set forth any argument concerning special circumstances. *INVEST v. Chem-Nuclear*, 815 F.2d at 404–05. The court shall issue a separate order setting a hearing on the debtors' motion for attorney fees.

An order in accordance with this decision is simultaneously entered.

SO ORDERED.

**JUDGMENT ON DECISION OVERRULING PLAINTIFF'S MOTIONS FOR EXTENSION OF TIME, GRANTING DEFENDANTS' MOTION TO DISMISS AND SETTING HEARING ON DEFENDANTS' MOTION FOR ATTORNEY'S FEES**

In accordance with the decision simultaneously entered, the court OVERRULES the plaintiff's Motions For Extension of Time and GRANTS defendants' motion to dismiss the plaintiff's complaint and ORDERS that a hearing on the defendants' Motion For Attorney Fees shall be held in accordance with a separate order issued this day.

SO ORDERED.