**In the Matter of Jeannie Louise BAYLESS A/K/A Jeannie Louise Trimble, Debtor.**

**Bankruptcy No. 3–86–02363.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Sept. 30, 1987.

Carl E. Juergens, Springfield, Ohio, for debtor.

Paul D. Malina, Springfield, Ohio, interim trustee.

Donald F. Harker, III, Dayton, Ohio, for ITT.

### DECISION DENYING MOTION OF ITT FINANCIAL SERVICES AND ORDERING OTHER MATTERS

THOMAS F. WALDRON, Bankruptcy Judge.

This proceeding, which arises under 28 U.S.C. § 1334(b) in a case referred to this court by the order of reference entered in this district on July 30, 1984, is determined to be a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). The matter is before the court on the Motion (Doc. 20) of ITT Financial Services, (ITT), the testi-mony of the debtor, Jeannie Louise Bayless, and the oral arguments of counsel at the hearing held February 5, 1987 (Transcript Doc. 31), the Post Hearing Brief Regarding Damages, Costs, and Attorney Fees filed by ITT (Doc. 29) and the Reply Brief Of Debtor (Doc. 30).

### I.  FACTS

On September 12, 1986, the debtor filed a Voluntary Petition (Doc. 2) under Chapter 7 of Title 11, United States Code.  Pursuant to the Order For Meeting Of Creditors Combined With Notice Thereof And Of Automatic Stay (Doc. 3) dated September 23, 1986, a meeting of creditors pursuant to 11 U.S.C. § 341(a) was scheduled for October 17, 1986.  The estate file and the debtor's testimony (Tr. at 6) establish that on October 17, 1986, neither the debtor nor a representative of ITT attended that scheduled meeting of creditors.

On October 20, 1986, the trustee in bankruptcy filed a document captioned, Trustee's Notice Of Abandonment Of Burdensome Property And Report Of No Assets (Doc. 5).  No further documents appear in the file explaining the trustee's ability to prepare and file such a report in the absence of the debtor's appearance at the time of the scheduled hearing.

The schedules accompanying the debtor's petition contain two relevant items of information—a Statement Of Debtor's Intention With Respect To Retention Or Surrender Of Certain Property, which did not list ITT as a creditor holding a consumer debt secured by property of the estate, and schedule A–2—Creditors holding security, which did list ITT Financial Services as a creditor with "a mortgage on VCR—market value, $25.00—amount of claim without deduction of value of security, $3,500.00".  No other information concerning ITT appears in the debtor's Schedules or Statement Of Affairs.

On November 6, 1986, the debtor filed an Affidavit (Doc. 11) which recited that she failed to appear at the 341 Meeting because she did not receive notice of the hearing. The affidavit further provided "that she

and her ex-husband have had extreme marital difficulties" and "due to the actions of her ex-husband" she had moved from the address listed on the petition to an address in Columbus, Ohio. At the time these events occurred, the debtor was not required to advise the court of the new address.[1]

On December 17, 1986, ITT filed a Motion which requested that the court enter an order "[D]irecting Debtor to surrender the property which is subject to the security interest of ITT and for an order to recover its expenses in attorney fees herein." (Doc. 20). ITT attached to the Memorandum a photocopy of its filed Proof Of Claim which contained as attachments photocopies of the note and related documents signed by the debtor and a photocopy of a recorded UCC–1 Form. The collateral that appears on the copy of the UCC–1 lists: a "Zenith 25 inch Color Console Television, Panasonic Video Cassette Recorder, J.C. Penny Stereo with AM/FM, Turntable, Cassette Deck and 2 Speakers". Counsel for ITT also attached letters dated October 2, 1986 and October 23, 1986 directed to the debtor's attorney requesting that ITT be advised of the debtor's intention regarding reaffirming or surrendering the collateral in which ITT asserted a security interest.

On January 14, 1987, the debtor filed an Amendment to Schedule A–3, but did not amend either the Statement Of Intention or Schedule A–2. Further, neither the debtor nor her counsel provided any response to counsel for ITT's prior letters concerning her intention regarding ITT's security.

On February 5, 1987, the court held a hearing on ITT's Motion. At that time, the debtor testified that as a result of her marital difficulties, including actions by her ex-husband that involved intercepting mail addressed to the debtor, removing and destroying property that belonged to the debtor and physically abusing the debtor, she vacated the property listed as her address at the time the petition was filed and moved to a new address in Columbus, Ohio. She further testified that the landlord who owned the property at 2440 Callahan Road where she resided at the time she filed her petition had padlocked the house after she moved to Columbus. She testified that the last time she saw the property in which ITT claimed a security interest, it was located in the house at 2440 Callahan.

The debtor further stated that her attorney had advised her that she must make arrangements for ITT to have access to the property at 2440 Callahan Road so that ITT could remove the property in which it claimed a security interest. The debtor attempted to arrange with her landlord for ITT to pick up the property at the same time the debtor intended to remove some of her other property which she had left at 2440 Callahan Road. The property was to be picked up on Sunday, January 11, 1987, between noon and 3:00 p.m. The debtor testified she intended to meet the representative of ITT at that time and arrange for the surrender of the property; however, when she arrived at the property she found that it had already been broken into, a great deal of the property had been destroyed, and in fear of her own safety, she left the premises and did not return again. She further testified that her ex-husband told her he had the property. (Tr. at 9–17)

Counsel for the debtor consented to the admission in evidence of an affidavit from the ITT representative who had been at the property that Sunday. The affidavit (Doc. 29, Ex. E) recites that the ITT representative arrived at 2440 Callahan Road as requested to remove the property in which ITT claimed a security interest; however, upon arrival there no one was present, the door was open and smoke was coming from a fireplace inside. The ITT representative entered the premises, was unable to locate any property in which ITT claimed a securi-

---

1. See Local Bankruptcy Rule 2.4—Change Of Address Of Debtor, Party or Attorney—Should the address of the debtor or any party or attorney in the case change during the pendency of such case, that person shall immediately notify, in writing, the Clerk, trustee, attorney for debtor and chairperson of any committee appointed in the case and its counsel, if counsel is employed pursuant to an order of the Court. A failure to comply with this rule may result in appropriate sanctions. (Effective August 1, 1987).

ty interest, and left without obtaining any property.

## II.  Issue .

The issue presented is whether the debtor's failure to comply with 11 U.S.C. § 521(2)(A) and (B) constitutes, in the circumstances of this case, a sufficient basis to grant the relief sought by ITT.

## III.  ARGUMENTS

In its post hearing brief (Doc. 29), ITT asserts that as a result of the debtor's failure to comply with § 521(2)(A) and (B), it is entitled to damages in the amount of two thousand, two-hundred dollars ($2,200.00), which was the value assigned to the collateral by the debtor at the time of the loan (Exh. F), attorney fees in the amount of two hundred fifty-eight dollars ($258.00) (Itemized Billing Statement) and forty-eight dollars ($48.00) for the expense of the ITT representatives who attempted to obtain the property on January 11, 1987. ITT further requests that, if the court does not enter an order for the loss of the collateral, the time for ITT to file a complaint concerning the dischargeability of this debt should be extended.

The debtor does not dispute that she failed to comply with the requirement for a written statement of intention under § 521(2)(A); however, she contends that he attempted to comply with § 521(2)(B) by surrender of the property.  She argues that she did not attempt to prevent ITT from obtaining the property; rather, other parties over whom the debtor could not exercise control acted contrary to her wishes and removed the property so that the debtor was unable to surrender the property to ITT.

## IV.  OPINION

### A.  Preliminary Considerations

The provisions of 11 U.S.C. § 521(2) (See Appendix 1. Section 521) have lead to confusion in attempts to comply with its requirements.  An analysis of the responsibilities of the various parties in this case is necessary to a resolution of this particular proceeding and may provide guidance for future proceedings.

### (1) THE DEBTOR

█ The language of 11 U.S.C. § 521(2) clearly designates the debtor as the party bearing the initial responsibility for compliance.  *Matter of Wright,* 68 B.R. 660, 661 (Bankr.S.D.Ohio 1986).

The court recognizes that debtors, particularly in nonbusiness bankruptcies, frequently fail to have an understanding of the full extent of their property or debts, specifically those consumer debts which give rise to security interests.  Nevertheless, the bankruptcy laws impose a strict obligation on debtors to file complete and accurate schedules and, also, complete and accurate statements of intention.  Accordingly, debtors, who, through neglect or indifference, fail to recognize the requirements of § 521(2) as a significant and integral part of filing a bankruptcy petition under Chapter 7 do so at their own peril.  They further increase their peril with regard to these requirements if they fail to respond to a trustee's or a secured creditor's legitimate inquiries concerning these matters.

### (2) COUNSEL FOR THE DEBTOR

Similarly, but to a lesser degree, counsel for the debtor shares responsibility in this matter.  In addition to counsel's responsibilities under Bankr.R. 9011, it is appropriate to assume that among the reasons the debtor selected a particular attorney and the attorney agreed to represent the debtor, was the attorney's knowledge and experience that would aid the debtor in filing and completing a bankruptcy case.  While it would be unreasonable to expect debtor's counsel to locate secured claims that are not evidenced by recording, it would not be unreasonable to expect debtor's counsel to determine, or to assist the debtor in determining, the existence of recorded security agreements; or, as in this particular proceeding, to be certain that, in the absence of unusual circumstances, the filed statement of intention contains at least the same creditors appearing on the A–2 Schedule as creditors owed a consumer debt secured by property of the estate.  The Bank-

ruptcy Rules and forms, effective August 1, 1987, may provide assistance to all parties in complying with the requirements of § 521. (See Appendix 2. Bankr.R. 1007(b)(3), 3. Bankr.R. 1009(b) and Official Form 8A)

Additionally, a concept common to 11 U.S.C. § 521, 11 U.S.C. § 524(c) (reaffirmation) and 11 U.S.C. § 722 (redemption) is that debtor's counsel will be a participant in the initial determination and subsequent performance of the option chosen by the debtor.

Accordingly, counsel for a debtor who fails to give these items adequate initial attention, or fails to respond to legitimate inquiries from a trustee or a secured creditor, creates the possibility of serious adverse consequences for at least the debtor, if not counsel. 11 U.S.C. § 329(b)

### (3) THE TRUSTEE

Although the extent of a trustee's involvement under § 521(2) is unclear, the language of 11 U.S.C. § 704(3) "ensure that the debtor shall perform his intention as specified in section 521(2)(B) of this Title;" evidences a clear Congressional intention that a trustee also shares responsibility in this matter. The trustee's role is exercised primarily in connection with the meeting of creditors pursuant to 11 U.S.C. § 341(a). Unless the court has extended the time, this is the time by which the debtor must have filed a statement of intention.

The role a trustee plays in this matter was suggested in a decision by the Chief Bankruptcy Judge for this district as follows:

> The Bankruptcy Code provides at § 704(3) that the trustee shall ensure that debtor complies with the requirement of § 521(2)(B). It is inconsistent with this statutory scheme for a creditor to apply to the court for relief where a debtor has failed to perform his duties under § 521(2)(A) and (B), without alleging that it first sought the involvement of the trustee on the subject. *In re Williams*, 64 B.R. 737, 738 (Bankr.S.D. Ohio 1986)

▬ There are few cases which discuss the extent of the trustee's duties pursuant to § 704(3); however, at the time of the § 341(a) meeting, a non-exhaustive list of a trustee's responsibilities would include: (1) a determination that the debtor has filed the statement of intention required by § 521(2)(A), (2) if the debtor has not completed such a filing, to demand that the debtor comply immediately, (3) to examine the debtor with regard to any requests received prior to or at the time of the 341(a) meeting from creditors concerning § 521(2)(A) or (B), and (4) to respond to appropriate creditor inquiries following the 341(a) meeting. In the absence of any secured creditor's appearance at the § 341(a) meeting, or any written request from a secured creditor seeking the trustee's involvement within the period provided under § 521(2)(B), the trustee may assume that the debtor has performed the stated intention.

### (4) THE CREDITOR

The creditor has a significant role under § 521(2). In this connection, Judge White's thoughtful and thorough discussion of the legislative history of § 521, *In re Eagle*, 51 B.R. 959, 962 (Bankr.N.D.Ohio 1985) is instructive:

> The earlier proposed amendment to section 521 indicates a legislative intent to punish the debtor for failure to timely state and perform his intention to redeem or reaffirm. Congress retrenched from that position after debate and compromise and fashioned a procedure which encourages out-of-court compromise between debtor and creditor in restructuring the debt. The new section is not intended to abrogate those substantive rights of exemption and redemption retained by the debtor. The notice and time limitation components of section 521(2) are intended to facilitate speedy resolution of debt compromise and repayment.
>
> ....
>
> The intent of the new section is to encourage *both* parties to resolve the matters quickly. A compromise by definition requires movement on two sides.

Legislative history also clearly shows that the notice and time limitations of section 521(2) are not intended to abrogate the debtors' substantive rights under the Code.

### (5) THE § 341(a) MEETING

The provisions of Title 11 do not mandate a single specific time and occasion at which the various parties must meet to attempt to reach a resolution of their respective concerns in connection with § 521(2); however, the meeting of creditors pursuant to § 341(a), which is specifically mentioned in § 521(2), is the logical locus for the initial resolution of these issues. The trustee conducts the meeting at which the debtor must appear to be examined, under oath, by the trustee and any creditor. 11 U.S.C. § 343

If the parties and their counsel fail to utilize the opportunities afforded them at the time of the § 341(a) meeting, they may find their requests for relief otherwise potentially available to them under various provisions of Title 11 more difficult to obtain. *Wright* at 661.

### B. Resolution Of Issue

■■■ With this background discussion of § 521(2), the court turns to the specific resolution of this proceeding. It is clear that although the debtor listed ITT as a secured creditor on Schedule A–2, she failed to provide any statement of intention with regard to the property that was the security for ITT's claim.

Likewise, her counsel who prepared and filed the initial schedules, and thereafter an amendment to the schedules, did so without initially, or subsequently, listing any statement of the debtor's intent with regard to the ITT claim. This is all the more difficult to understand since, in the time period between the filing of the initial schedules and the filing of the amendment to the schedules, debtor's counsel had received two separate inquiries from counsel for ITT raising the debtor's failure to comply with the requirements of § 521(2)(A).

While subsequent evidence has demonstrated that the debtor no longer has possession of the property, this does not excuse her failure to properly file, or subsequently amend, the required statement of intention. The debtor's failure to perform these duties could subject the debtor to a variety adverse consequences, including the imposition of sanctions;[2] however, it must be noted that in this case, ITT did not appear at the meeting of creditors originally scheduled, nor appear at the meeting of creditors subsequently held, nor move for relief from the automatic stay § 362(d), nor request the trustee's involvement during any period of time that would have allowed the trustee the opportunity to take meaningful steps concerning the security for ITT's claim.

The legislative history of § 521(2) and subsequent cases (*Eagle* at 962, *Williams* at 738) establish that although a debtor has certain duties in regard to a consumer debt secured by property of the estate, a debtor is not a guarantor of a secured creditor's property.

In the circumstances of this case, it cannot be properly concluded that the debtor's failure to comply with § 521(2)(A) was the cause of ITT's inability to obtain the security for its claim, particularly in light of the independent intervening acts of an individual or individuals not party to this proceeding.

Accordingly, ITT's request for a judgment against the debtor in the amount of two thousand, two-hundred dollars ($2,200.00) for the value of the security for ITT's claim and ITT's request for expenses and attorney fees is DENIED.

---

**2.** LBR 3.9 Enforcement Of Debtor's Statement Of Intention—In the event the debtor fails to comply with 11 U.S.C. Section 521(2), any creditor or party in interest, within thirty (30) days after the expiration of the forty-five (45) day period prescribed by 11 U.S.C. Section 521(2)(B), may file with the Court and serve upon the debtor, the debtor's attorney and the trustee a motion for sanctions in which the movant advises the Court of the debtor's failure to comply with 11 U.S.C. Section 521(2) and requests that the debtor be ordered by the Court to comply promptly. The Court may issue an order to show cause to the debtor, and thereafter may issue an order providing for appropriate sanctions for the failure of the debtor to comply with that statute. (Effective August 1, 1987).

ITT's request to extend time in which to file a complaint to determine dischargeability was not timely filed and the court cannot grant such relief at this stage of the case. *Matter of Beam*, 73 B.R. 434, 436–37 (Bankr.S.D.Ohio 1987).

## C. REMAINING MATTERS

■ The determination of the issues in this case would not be complete without a discussion of the actions and filings of the trustee.

On October 20, 1986, after the debtor *did not attend a 341 Meeting*, the trustee filed a document captioned, Trustee's Notice Of Abandonment Of Burdensome Property And Report Of No Assets which stated in part, "The undersigned, as Trustee herein, reports he has reviewed the schedules filed by the Debtor(s), *has examined the Debtor(s) in open court at the 341 Meeting*, and has examined the evidence." (emphasis supplied, Doc. 5). Without attempting to delineate the full extent of a trustees duties, it is impossible to reconcile the filing of such a report with the minimum duties required from the trustee in this case. *Matter of Hunter*, 76 B.R. 117, 119 (Bankr.S.D.Ohio 1987).

The trustee has also recently filed another pleading which is difficult to understand in the circumstances of this case. The pleading is captioned "Petition Of Trustee For Leave To Retain Professional Person" (Doc. 32). It recites in very vague terms that the trustee wishes to retain himself as his own attorney because "[L]egal services are needed in the administration of exemptions and the general services of an attorney are needed to handle other legal matters and other matters ...". The trustee has not filed any pleading to set aside his previously filed abandonment and report of no assets.

Accordingly, unless the trustee, not later than seven (7) days from the date this order and decision is entered, files with the court an affidavit setting forth an explanation for the filing of the Report Of No Assets (Doc. 5) and the Petition Of Trustee For Leave To Retain Professional Person (Doc. 32), together with a motion request-ing the payment of compensation pursuant to 11 U.S.C. § 330(b) and a memorandum in support of such motion, the petition of the trustee (Doc. 32) shall be DENIED and the trustee shall be DENIED the fee provided pursuant 11 U.S.C. § 330(b). *Matter of Vlachos*, 61 B.R. 473, 476–77 (Bankr.S.D. Ohio 1986).

An order in accordance with this decision is simultaneously entered.

SO ORDERED.

## APPENDIX

1. Section 521 (11 U.S.C. Sec. 521(2)(A), (B) and (C))

(2) if an individual debtor's schedule of assets and liabilities includes consumer debts which are secured by property of the estate–

(A) within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property;

(B) within forty-five days after the filing of a notice of intent under this section, or within such additional time as the court, for cause, within such forty-five day period fixes, the debtor shall perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph; and

(C) nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title.

2. Bankr.R. 1007(b)(3),

(3) An individual debtor in a chapter 7 case shall file a statement of intention as required by § 521(2) of the Code, prepared as prescribed by Official Form No. 8A. A copy of the statement of intention shall be

served on the trustee and the creditors named in the statement on or before the filing of the statement.

3.  Bankr.R. 1009(b)

(b) STATEMENT OF INTENTION. The statement of intention may be amended by the debtor at any time before the expiration of the period provided in § 521(2)(B) of the Code. The debtor shall give notice of the amendment to the trustee and to any entity affected thereby.

**OFFICIAL FORM 8A.**—Chapter 7 Individual Debtor's Statement of Intention

(Caption as in Form No. 2)

Chapter 7 Individual Debtor's Statement of Intention.

1.  I, _____, the debtor, have filed a schedule of assets and liabilities which includes consumer debts secured by property of the estate.

2.  My intention with respect to the property of the estate which secures those consumer debts is as follows:

a.  Property to Be Surrendered.

| Description of property | Creditor's name |
|---|---|
| 1. | |
| 2. | |
| 3. | |
| 4. | |

b.  Property to Be Retained.  (Check applicable statement of debtors intention)

| Description of property | Creditor's name | The debt will be reaffirmed pursuant to § 524(c) | The property is claimed as exempt and will be redeemed pursuant to § 722 | The creditor's lien will be avoided pursuant to § 522(f) and the property will be claimed as exempt |
|---|---|---|---|---|
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |

3.  I understand that § 521(2)(B) of the Bankruptcy Code requires that I perform the above stated intention within 45 days of the filing of this statement with the court, or within any extension of the 45 day period which the court may grant.

Date: _____

_____
Debtor