**In re Gregory Dean EAGLE and Beth Ann Eagle, fka Beth Ann Mullett, Debtors.**

**Bankruptcy No. 585–347.**

United States Bankruptcy Court, N.D. Ohio.

Aug. 16, 1985.

Carl Hirsch, Akron, Ohio, for debtors.

William M. Sremack, Akron, Ohio, for Thorpe Credit Corp.

## FINDING AS TO MOTION TO REDEEM PROPERTY UNDER 11 U.S.C. Section 722

H.F. WHITE, Bankruptcy Judge.

The debtors filed a joint petition under Chapter 7 of Title 11 of the United States Code on April 2, 1985. The debtors list Thorpe Credit Corporation (hereinafter "Thorpe Credit") as a secured creditor on their Schedule A–2 with a security interest in household goods which have a market value of $310.00. The amount of the secured creditor's claim without deduction of the value of the security is $6,031.00. Along with their schedules, the debtors filed, on April 2, 1985, their statement of intention as required by the new section 521(2)(A) of Title 11 of the United States Code. Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, sect. 305(3). The debtors list Thorpe Credit as a creditor secured by household goods, and state that their intention is to retain the household goods and reaffirm the debt at the fair market value of the goods.

On May 7, 1985 the trustee of the estate of the debtors filed his Report of No Distribution, there being no property available for distribution from the estate over and above that exempted by the debtors. On July 10, 1985 the debtors filed their motion to redeem property pursuant to 11 U.S.C. sect. 722 and a hearing was held on July 30, 1985. Both the debtors and Thorpe Credit are, and were, represented at the hearing by counsel. At no time has Thorpe Credit filed a written objection to the debtors' motion to redeem, or to the listed value of the security.

At the hearing the creditor asked for a postponement of the matter and for a reappraisal of the household goods securing its debt. Counsel representing the creditor did not have a copy of the note or the security agreement, nor did he know what was due on the debt. The court denied the creditor's request for a continuance and for the appointment of an appraiser.

## ISSUE

The issue is whether the failure of the debtors to timely state their intention to redeem the household goods subject to the security interest of Thorpe Credit precludes their right to redeem such goods.

## DISCUSSION OF LAW

A debtor whose assets include consumer debts which are secured by property of the estate has additional duties with which he should comply according to the recent changes in the Bankruptcy Code:

> [I]f an individual debtor's schedule of assets and liabilities includes consumer debts which are secured by property of the estate—
>
> (A) *within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors,* whichever is earlier, or within such additional time as the court, for cause, within such period fixes, the *debtor shall file with the clerk a statement of his intention with respect* to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property;
>
> (B) *within forty-five days* after the filing of a notice of intent under this section, or within such additional time as the court, for cause, within such forty-five day period fixes, the *debtor shall perform his intention* with respect to such property, as specified by subparagraph (A) of this paragraph; and
>
> (C) *nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title.*

11 U.S.C. sect. 521(2) (as amended by Pub.L. No. 98–353, sect. 305(3) (emphasis added)). The new section is one of the consumer credit amendments which were intended to curb some of the perceived abuses of the Code and at the same time to encourage a fully-informed debtor. 130 Cong.Rec. H1810 (daily ed. Mar. 21, 1984) (statement of Rep. Synar). However, legislative history on the consumer credit amendments is woefully inadequate as H.R. 5174 was pushed through the House of Representatives in two days. *Id.* at H1809 (statement of Rep. Hyde), and at H1888 (statement not floor remark by Rep. Gingrich).

The section as enacted is a subdued version of an earlier proposed one which would have required the debtor to directly serve notice of his intention to redeem the secured property upon the creditor and to perform such intention at or before the conclusion of the section 341 meeting of creditors. S. 1208, 97th Cong., 2d Sess., 129 Cong.Rec. S5342–43 (daily ed. Apr. 27, 1983). In addition, the debtor's failure to meet such obligations would have resulted in an automatic termination of the section 362(a) stay releasing the creditor to enforce its lien. *Id.* What was finally enacted differed significantly.

Recurrent throughout the legislative remarks regarding the consumer credit amendments of H.R. 1800 which were incorporated within H.R. 5174 is the theme of debt repayment. 130 Cong.Rec. H7491 (daily ed. June 29, 1984). The notice provisions, whereby the debtor is made aware of the Chapter 13 alternative to straight liquidation, and the simplification of the debt reaffirmation procedure support this legislative goal of "encourag[ing] debtors and creditors to make mutually satisfactory arrangements to repay debts outside of bankruptcy." 130 Cong.Rec. S8894 (daily ed. June 29, 1984) (statement of Sen. Hatch). Also recurrent are the notice provisions whereby the "debtors are [made] aware of their rights and obligations under all chapters of the Bankruptcy Code." 130 Cong. Rec. H1810 (daily ed. Mar. 21, 1984) (statement of Rep. Synar). However, most illuminative of legislative intent behind section 521(2) is the following colloquy between Congressmen Synar and Rodino:

> [Mr. SYNAR.] Could the gentleman explain what rights are reserved to the

debtor and trustee under section 521(2)(C)?

Mr. RODINO. Mr. Chairman, will the gentleman yield?

Mr. SYNAR. I yield to the chairman of the committee.

Mr. RODINO. Mr. Chairman, this section is designed to make it clear that the newly imposed duty on the debtor to act promptly with regard to property which is security for a creditor's claim [sic].

Mr. Chairman, this section is designed to make it clear that the *newly imposed duty on the debtor to act promptly with regard to property which is security for a creditor's claim does not affect the substantive provisions of the code which may grant the trustee or debtor rights with regard to such property. For example, the debtor may have the right to exempt such property under section 522 of the code, and this right is not affected by the new provisions.* Similarly, the trustee in bankruptcy may have the power to avoid the creditor's security interest on the property pursuant to the lien avoidance, preference, and fraudulent conveyance provisions of sections 544, 547, or 548 of the code. Such rights are not affected by these new provisions.

*Id.* (emphasis added).

■ The earlier proposed amendment to section 521 indicates a legislative intent to punish the debtor for failure to timely state and perform his intention to redeem or reaffirm. Congress retrenched from that position after debate and compromise and fashioned a procedure which encourages out-of-court compromise between debtor and creditor in restructuring the debt. The new section is not intended to abrogate those substantive rights of exemption and redemption retained by the debtor. The notice and time limitation components of section 521(2) are intended to facilitate speedy resolution of debt compromise and repayment.

With that understanding of the purpose and intent of section 521(2), the court will examine the facts at hand. The debtors' statement of intention filed with their joint Chapter 7 petition shows their intention of retaining the household goods subject to the security interest of Thorpe Credit, but indicates an intention to reaffirm the debt at the fair market value of the secured goods. A review of their petition shows the household goods listed with a market value of $310.00. The petition and motion were filed on April 2, 1985 and it was not until July 30, 1985, four months later, that the creditor objected to the valuation of the household goods. Not even after the filing of the debtors' motion to redeem the collateral did the creditor object to the value assigned, or move this court to appoint an appraiser. Instead, the creditor waited until the hearing on the motion to raise its objection. The creditor cannot keep the debtor in suspense; the creditor has a concomitant duty to perform its intention within a reasonable amount of time. The new provisions, along with the other consumer credit amendments, were passed for its benefit. The creditor cannot now be heard to complain.

The creditor had notice at the time the debtors' petition was filed that they intended to retain the property. Although the intention as stated was to reaffirm the debt, some movement on the part of the creditor should have been forthcoming. The intent of the new section is to encourage *both* parties to resolve the matters quickly. A compromise by definition requires movement on two sides.

Legislative history also clearly shows that the notice and time limitations of section 521(2) are not intended to abrogate the debtors' substantive rights under the Code. The debtors may redeem the household goods subject to the lien of Thorpe Credit by paying the creditor the amount of its allowed secured claim. 11 U.S.C. sect. 722. The amount of the allowed secured claim is the value of the secured creditor's collateral. 11 U.S.C. sect. 506(a). The date of filing the petition is the time of valuing the secured claim under section 506. *In re Brager,* 39 B.R. 441, 443 (Bankr.E.D.Pa. 1984); *In re Adams,* 2 B.R. 313, 314 (Bankr.M.D.Fla.1980). There being no other evidence before the court regarding val-

uation of the household goods, the market value of $310.00 as set forth in the debtors' petition is the amount of the creditor's allowed secured claim and the property may be redeemed for that sum. The trustee filed his no asset report on May 7, 1985 and such is tantamount to abandonment of the property by the trustee. 4 *Collier on Bankruptcy*, para. 722.04 (15th ed. 1985).

## CONCLUSION

Although the debtors failed to state their intention to redeem the subject property on their notice of intention pursuant to the new provisions of section 521(2) of the Code, the legislative intent of the notice provisions is to facilitate out-of-court compromise between debtor and creditor. Such failure is not prejudicial to the creditor which had a concomitant duty to take some action within the four months between the filing of the joint petition and the hearing on the motion to redeem household goods. The notice and time limitations provisions of section 521(2) do not abrogate the debtors' substantive right to redeem the household goods under section 722 of the Code. The creditor cannot now be heard to complain as its objection to the valuation of the collateral and its request for the appointment of an appraiser are barred by the doctrine of laches. Accordingly, the debtors' motion to redeem the household goods subject to the security interest of Thorpe Credit for the sum of $310.00 is granted, and an order shall issue hereon.