In re Ethel Mae **WILLIAMS**, Debtor.

**CREDITHRIFT OF AMERICA, INC.**, Plaintiff,

v.

**Ethel Mae WILLIAMS**, Defendant.

Bankruptcy No. 1–86–00433.

Adv. No. 1–86–0111.

United States Bankruptcy Court, S.D. Ohio, W.D.

Sept. 2, 1986.

As Amended Oct. 8, 1986.

William L. Bowen, Middletown, Ohio, for plaintiff.

Jonathan E. Schiff, Cincinnati, Ohio, for defendant/debtor.

DECISION AND ORDER ON MOTION TO DISMISS

BURTON PERLMAN, Bankruptcy Judge.

Plaintiff, a secured creditor of defendant/debtor, filed a complaint asserting various grounds for relief. The complaint relies in part upon § 727, from which we infer that plaintiff seeks to have discharge

denied to defendant. In addition, plaintiff relies upon § 521(2)(A), (B). These latter provisions have to do with the duty of a debtor within 30 days after filing a petition, to file a statement of intention with respect to retention or surrender of property, and within 45 days thereafter to perform his intention. Plaintiff includes in its complaint, a prayer for relief by way of contempt for failing to comply with the latter provisions.

Defendant met the complaint with a Motion to Dismiss. The gist of that Motion is that the objection to discharge was not timely filed, because the court had set a bar date for filing of a complaint objecting to discharge of May 16, 1986. The complaint herein was filed May 22, 1986. Plaintiff responds to such Motion by asserting that neither it nor its counsel had received notice of the bankruptcy, but first learned of it by a telephone call from defendant's counsel on March 24, 1986. Plaintiff responded further that the listing in the bankruptcy schedules which may have referred to it, was by the name Credit Thrift at 1211 Interstate Drive, rather than Credithrift at 1211 Jackson Lane.

■ These statements, however, constitute an admission by plaintiff that it knew of the bankruptcy almost two months prior to the bar date for the filing of a discharge complaint. Plaintiff says that the Motion should not be granted because if it had been listed correctly in the original schedules, it would have received notice on or about February 12, 1986. Plaintiff, however, shows no basis to contend that it was prejudiced by failing to have notice only as late as March 24. There was ample time for plaintiff, if not to evaluate the situation and file a complaint in timely fashion, to seek an extension of time from the court for the filing of such a complaint, prior to the expiration of its right to do so by reason of the bar date.

■ The remaining allegations of the complaint will not save it from dismissal. Failure of debtor to comply with § 521(2)(A) and (B) provides no basis for a holding of contempt against defendant by

the court (assuming arguendo that plaintiff has properly included a prayer for such relief in a complaint, an assumption about which we have serious reservations). The Bankruptcy Code provides at § 704(3) that the trustee shall ensure that debtor complies with the requirement of § 521(2)(B). It is inconsistent with this statutory scheme for a creditor to apply to the court for relief where a debtor has failed to perform his duties under § 521(2)(A) and (B), without alleging that it first sought the involvement of the trustee on the subject. This creditor still possesses all its usual rights to proceed against its collateral. We note the reference by plaintiff in its memorandum to Bankruptcy Rules which "require the surrender of the collateral ... if the Debtor is not going to reaffirm a secured debt." Plaintiff has not identified the rule or rules upon which it bases this statement, and we are not aware of such a requirement in the Bankruptcy Code.

Accordingly, the Motion to Dismiss is granted. The complaint is dismissed.

So Ordered.