**In re Beverly Gray LOGAN, Debtor.**

**Bankruptcy No. 2-90-04554.**

United States Bankruptcy Court, S.D. Ohio, E.D.

Feb. 13, 1991.

---

Mitchel D. Cohen, and Lloyd D. Cohen, M. Cohen & Associates, Columbus, Ohio, for debtor.

D.L. Mains, Columbus, Ohio, for ITT Financial Services.

Charles M. Caldwell, Office of the U.S. Trustee, Columbus, Ohio, Asst. U.S. Trustee.

## OPINION AND ORDER ON MOTION FOR SANCTIONS UNDER LOCAL BANKRUPTCY RULE 3.11

R. GUY COLE, Jr., Bankruptcy Judge.

### I. *Introduction*

This matter is before the Court upon the motion of ITT Financial Services for sanctions under Local Bankruptcy Rule 3.11. An evidentiary hearing was held on November 19, 1990. The matter was reheard on January 7, 1991, at the request of the debtor and upon order of the Court. A second, non-evidentiary hearing was held on January 7, 1991.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding arising under 28 U.S.C. § 157(b)(2)(A) and (O). The following Opinion and Order constitutes the Court's findings of fact and conclusions of law.

### II. *Findings of Fact*

On July 9, 1990, the debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Pursuant to the requirements of 11 U.S.C. § 521(2), the debtor filed a statement of intention ("Statement") concerning certain property of the estate. The Statement indicated the debtor's intention to (1) surrender a 1988 Ford truck to

BancOhio National Bank, a creditor claiming a lien on that vehicle, and (2) retain a stove and refrigerator, liened to a creditor identified as "Lowes". The debtor amended the Statement on August 24, 1990, indicating her intention to surrender a 1984 Ford Escort to BancOhio, holder of a lien on that vehicle. ITT Financial Services ("ITT") is not listed in the Statement as the holder of a consumer claim secured by property of the estate.

Apparently believing that it holds such a claim, ITT filed the subject motion for sanctions, asserting that the debtor had not complied with her Statement. ITT requests therein "that this Court issue an Order to Show Cause and impose sanctions upon the Debtor for failure to comply with 11 U.S.C. Section 521(2)(B)." However, the motion does not specify ITT's claimed collateral or the basis for its assertion that the debtor has failed to comply with § 521(2)(B).

The debtor "answered" the motion, contending that ITT appeared at the meeting of creditors and asserted a secured interest in a waterbed now in the possession of the debtor's former husband. The answer requests the imposition of sanctions against ITT pursuant to Bankruptcy Rule 9011 for the filing of an allegedly meritless motion.

The debtor was present when this case was called for hearing on November 19, 1990, and expected her counsel, Mitchel D. Cohen, to represent her. Cohen did not appear at the hearing and, to date, has made no effort to explain his absence to the Court. ITT went forward with its evidence, adducing testimony that it holds a valid security interest in a waterbed purchased by the debtor. According to the note and security agreement given by the debtor to ITT, the debtor owes ITT the sum of $417.67. Following the presentation of his evidence, counsel for ITT requested sanctions in the form of an order deeming the amount assertedly owed to ITT to be nondischargeable. The debtor elected not to participate in the evidentiary portion of the hearing in the absence of her counsel.

On November 19, 1990, Lloyd D. Cohen, apparently having informally substituted himself as case attorney for the debtor, filed a motion for rehearing. In his motion, Cohen claimed that he never received the Court's notice of the November 19 hearing. Although the official court file reflects that the order and notice of the hearing were mailed to Mitchel D. Cohen, the designated case attorney, at his correct address, the Court had not been informed that Lloyd Cohen replaced Mitchel Cohen as case attorney. The Court nevertheless ordered a rehearing on ITT's motion. A copy of the order for rehearing was mailed to all interested parties, including Lloyd Cohen. The matter was called for hearing on January 7, 1991; however, Cohen failed to appear. ITT renewed its request for sanctions, following which the Court took the motion under advisement on the record established in the two hearings.

### III. *Issue*

The issue presented is whether the debtor has failed to comply with her Statement; and, if so, whether this Court should impose sanctions which include a determination of nondischargeability as to the debt owed to ITT.

### IV. *Conclusions of Law*

■ Section 521 of the Bankruptcy Code provides that the debtor shall:

(2) if an individual debtor's schedule of assets and liabilities includes consumer debts which are secured by property of the estate—

(A) within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property;

(B) within forty-five days after the filing of a notice of intent under this section, or within such additional time

as the court, for cause, within such forty-five day period fixes, the debtor shall perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph; and

In short, Section 521(2) requires that if an individual debtor's schedule of assets and liabilities includes consumer debts secured by property of the estate, the debtor must file a statement of his intention with respect to the retention or surrender of that property within thirty days of the petition. The debtor must perform his stated intention within forty-five days of filing the statement of intention.

Section 521 was ushered into the Bankruptcy Code as a part of the Bankruptcy Amendments and Federal Judgeship Act of 1984 ("BAFJA") along with a host of other consumer credit amendments, most of which were intended to eliminate or discourage perceived abuses by consumers of our bankruptcy laws. It generally is conceded that the legislative history to the consumer provisions of BAFJA is sparse, because these amendments were pushed through Congress quickly with little attention or forethought. *See e.g., In re Eagle,* 51 B.R. 959 (Bankr.N.D.Ohio 1985).

Section 704(3) of the Bankruptcy Code also was added by BAFJA. It provides the trustee *"shall* ensure that the debtor *shall* perform his intention as specified in § 521(2)(B) of the Code." (emphasis added). However, no particular enforcement powers are given to the trustee. It also is unrealistic to expect the trustee to make a substantial effort solely on behalf of a secured creditor in the absence of compensation for such services. The Bankruptcy Code's most noted commentator has opined that where a debtor fails to comply with his stated intention—or fails to state an intention—the creditor "most likely would obtain relief from the automatic stay and retake the collateral." 3 *Collier on Bankruptcy,* Para. 521.09, at 521–39 (L. King, 15th ed. 1990).

■■■ The issues presented here were examined thoroughly in *Matter of Bayless,* 78 B.R. 506 (Bankr.S.D.Ohio 1987) (Wal-

dron, J.). In *Matter of Bayless,* Judge Waldron, noting the confusion caused by § 521, analyzed the responsibilities of the parties who typically are involved in disputes concerning that provision. The court noted that debtors who fail to recognize the requirements of § 521(2) "do so at their own peril." *Matter of Bayless,* 78 B.R. at 509. The court noted additionally that the debtor's counsel is responsible for assisting debtors in complying with § 521(2) and responding to legitimate inquiries of the trustee and secured creditors. *Matter of Bayless,* 78 B.R. at 509–10. And, in describing the trustee's role in ensuring compliance, the court stated as follows:

There are few cases which discuss the extent of the trustee's duties pursuant to § 704(3); however, at the time of the § 341(a) meeting, a non-exhaustive list of a trustee's responsibilities would include: (1) a determination that the debtor has filed the statement of intention required by § 521(2)(A), (2) if the debtor has not completed such a filing, to demand that the debtor comply immediately, (3) to examine the debtor with regard to any requests received prior to or at the time of the 341(a) meeting from creditors concerning § 521(2)(A) or (B), and (4) to respond to appropriate creditor inquiries following the 341(a) meeting. In the absence of any secured creditor's appearance at the § 341(a) meeting, or any written request from a secured creditor seeking the trustee's involvement within the period provided under § 521(2)(B), the trustee may assume that the debtor has performed the stated intention.

*Matter of Bayless,* 78 B.R. at 510. *See also Credithrift of America, Inc. v. Williams (In re Williams),* 64 B.R. 737 (Bankr.S.D.Ohio 1986) (Perlman, J.). The court concluded its assessment of the respective parties' roles by discussing the creditor's role under § 521(2). Noting the legislative instruction, the court encouraged the parties to reach an out-of-court resolution of their dispute. *See also In re Eagle,* 51 B.R. 959, 962 (Bankr.N.D.Ohio 1985).

This Court fully concurs in Judge Waldron's assessment of the parties' respective roles under § 521(2). The Court concludes further that LBR 3.11 does not, and cannot, create a substantive cause of action as suggested by ITT. LBR 3.11 simply states that if the debtor fails to comply with § 521(2), "[T]he court may issue an order to show cause to the debtor, and thereafter may issue an order providing for appropriate sanctions for the failure of the debtor to comply with that statute." The quoted language from LBR 3.11 clearly is permissive with respect to orders which may be issued by this Court.

ITT would have this Court issue a judgment of nondischargeability in the amount of its claim. The Court does not believe that Bankruptcy Rule 7001 permits a judgment of nondischargeability as a sanction under LBR 3.11 or in the context of a contested matter; such a judgment may be entered only upon an adversary proceeding. The Court also is unable to conclude that there is any admissible evidence before the Court which would permit a finding that the collateral in which ITT asserts a lien is valued in the amount of the debt, which approximates $417.67. Thus, counsel's bare assertion that the waterbed is worth the amount of the indebtedness, or an affidavit to that effect from ITT, is inadmissible and lacking in credibility. It is obvious to the Court that a used waterbed, purchased new for $417.67, is worth far less today than the original purchase price.

The Court is of the opinion that the most logical procedure for the handling of matters brought under this ill-crafted statute has been suggested by Collier. A creditor who believes it is entitled to relief under § 521(2) of the Code should first seek the involvement of the trustee at or before the meeting of creditors. Barring a satisfactory response from the trustee, the creditor should file a motion for sanctions which recites that the creditor has sought, but not received, performance of the trustee's duties under § 704(3) of the Code and that the creditor is seeking as sanctions relief from the automatic stay imposed by 11 U.S.C. § 362(a) with respect to the subject collateral. A predicate to any such motion should be a statement that the debtor has not complied with § 521(2). A copy of the motion should be served on all affected parties, including the United States Trustee, the case trustee, the debtor and debtor's counsel. The certificate of service to the motion should contain a notice that sanctions in the nature of relief from the automatic stay will be granted if no response is filed by the debtor within the 20-day time period provided by local rules 5.4(b) and 5.11. It is not contemplated that attorney's fees will be awarded to creditor's counsel for the filing of such a motion.

If a response is filed and indicates that the debtor has complied with his duties under § 521(2), and the creditor agrees, then the creditor should withdraw the motion. If the response is such that the debtor and creditor still have a dispute with respect to the debtor's duties and performance under § 521(2), then either party may request a hearing. If a hearing is required, and it is established that the debtor has not complied with § 521(2), the Court may issue sanctions in the nature of stay relief and attorney's fees.

If the debtor or his counsel request a hearing, it is expected that counsel, at a minimum, shall attend the hearing. The failure of counsel to attend such a hearing likely will result in the imposition of sanctions against him or her. If the debtor does not file a response to the motion, then relief from the stay shall be granted and the creditor may proceed with any rights and remedies it may have under state law. The Court believes that this course of action is what § 521(2), and the Bankruptcy Code generally, contemplate.

In the case before the Court, ITT has established no violation of § 521(2) by the debtor. The debtor has stated no intention with respect to the property in question, apparently believing it is not property of the estate. Admittedly she once owned the waterbed in question, but there is no indication that she owns it now

or has any ability to retake it. It appears that her former husband either took or received it as an award in the parties' divorce proceedings.

Put simply, ITT has failed to persuade this Court that the debtor did not comply with the letter and spirit of the Bankruptcy Code. Clearly, she does not plan on retaining the waterbed. Nor can ITT impose upon her the duty of wresting it from her former husband's possession. As stated by the Court in *Matter of Bayless,* 78 B.R. at 511:

> The legislative history of § 521(2) and subsequent cases (*Eagle* at 962, *Williams* at 738) establish that although a debtor has certain duties in regard to a consumer debt secured by property of the estate, a debtor is not a guarantor of a secured creditor's property.

In the circumstances of this case, it cannot be properly concluded that the debtor's failure to comply with § 521(2)(A) was the cause of ITT's inability to obtain the security for its claim, particularly in light of the independent intervening acts of an individual or individuals not party to this proceeding.

Having noted that the facts in *Matter of Bayless*—a former husband and landlord exercising control over the collateral—are remarkably similar to the facts here, the Court follows *Matter of Bayless* and thus denies ITT's request for judgment. ITT nevertheless is entitled to pursue its state law rights and remedies with respect to the waterbed and, accordingly, is granted relief from the automatic stay for that purpose. This order does not, of course, affect any legal or equitable rights the debtor's former husband may have or claim in the waterbed.

Based upon the foregoing, ITT is hereby granted relief from the automatic stay to pursue any rights and remedies it may possess with respect to a certain waterbed which serves as collateral for its claim against the debtor. This order leaves unaffected any rights the debtor's former husband may possess under state law with respect to said property. To the extent the debtor maintains her request for sanctions against ITT under Bankruptcy Rule 9011, it hereby is DENIED.

IT IS SO ORDERED.