**In re Charles Louie CASSAR and Alma Jean Cassar, Debtors.**

**Bankruptcy No. 92–11723 RJB.**

United States Bankruptcy Court,
D. Colorado.

April 29, 1992.

Steven E. Berkin, Steven E. Berkin, P.C., Denver, Colo., for debtors.

## MEMORANDUM OPINION
## AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER came on for hearing on April 21, 1992, on the Debtors' Response to Memorandum Opinion and Order filed April 1, 1992, requesting that this Court's Order entered March 19, 1992, be rescinded.

The Court's Order of March 19, 1992, held that the Debtors' Motions for Redemption were premature because:

1. § 722 applies only to redemption from liens securing *dischargeable* consumer debts and creditors have until 60 days after the first date set for a § 341 meeting to file complaints to determine such dischargeability. Bankr.Rule 4007(c).

2. § 722 applies only to redemption of property that is *exempted* under § 522 (or which has been abandoned under § 554) and parties have until 30 days after the conclusion of the § 341 meeting to object to exemptions. Bankr.Rule 4003(b).

Debtors argue that 11 U.S.C. § 521(2)(A) mandates that they file their Statement of Intentions within 30 days of filing their Chapter 7 petition and § 521(2)(B) mandates that they perform their intention of redemption within 45 days after filing their Statement of Intentions. And, since the § 341 meeting must be held not sooner that 20 days nor more than 40 days after the order for relief (the filing of their Chapter 7 petition), the time limits are such that it is impossible to perform redemption. For example, if a debtor files a Chapter 7 petition on March 1, he must file his Statement of Intentions by March 31 and actually redeem by May 15. In the meantime, the § 341 meeting is scheduled at best for March 21. That means creditors have until May 21 to file § 523 dischargeability complaints. They would also have until April 21 to object to any claimed exemptions. The situation is even more exacerbated if the § 341 meeting is not scheduled until April 10 which would give creditors until May 10 to object to exemptions and until June 10 to file § 523 complaints. But under § 521 the debtor is expected to perform his intent to redeem by May 15.

Perhaps that is why the Congress provided in § 521(2)(C) that the notice and time provisions in §§ 521(2)(A) & (B) shall not alter the debtor's substantive rights with regard to redemption. This is also why the courts have held that a failure to meet the deadline of § 521(2)(B) does not impair a debtor's right to redeem. *In re Eagle*, 51 B.R. 959 (Bankr.N.D.Ohio, 1985). Indeed, in *In re Perry*, 729 F.2d 982 (4th Cir.1984), it was held that a debtor's ability to reaffirm or redeem encumbered property remains in effect until the automatic stay terminates. *Collier* states that these time periods in § 521 must be seen as more of a guideline to signal a trustee when he or she should take action to move a Chapter 7 case to its conclusion by ensuring that the debtor takes those steps remaining to be taken. 3 *Collier on Bankruptcy* ¶ 521.-09A[3] (Matthew Bender 15th ed.) and 4 *Collier on Bankruptcy* ¶ 722.05[2] (Matthew Bender 15th ed.).

Thus, Debtors should not be overly concerned if they cannot meet the deadlines set forth in § 521 because of conflicts with time limits imposed by the Bankruptcy Rules and other sections of the Code. Nevertheless, this Court reaffirms its previous Memorandum Opinion and Order of March 19, 1992, i.e. a debtor's motion to redeem under § 722 is premature until (1) the time limit has expired for the filing of § 523 complaints and/or the time limit has expired for the filing of objections to the debtor's claimed exemptions (or the property has been abandoned). It is, therefore,

ORDERED that the within request to rescind this Court's Memorandum Opinion and Order entered March 19, 1992, is denied except that the Order to Show Cause contained therein is dissolved.