**In re David CROOKS, Debtor.**

**Bankruptcy No. 92 B 10756.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

Jan. 5, 1993.

Robert C. Morton, Jeffrey S. Harris, Chicago, IL, for debtor.

Sheldon L. Solow, Chicago, IL, trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

JACK B. SCHMETTERER, Bankruptcy Judge.

Debtor David Crooks ("Debtor") filed his petition for relief under Chapter 7 of the Bankruptcy Code. Gaudio Motors ("Gaudio") moved the Court for several forms of relief:

A. That the Automatic Stay be modified, lifted and vacated to permit this secured creditor to pursue its state court remedies arising out of Debtor's default of its Motor Vehicle Retail Installment Contract, including the continuation of its lawsuit, *Gaudio Motors –vs– David Crooks*, Docket No. 92 M1–115230, in the Circuit Court of Cook County, Illinois;[1]

B. That Debtor's Petition be dismissed with prejudice pursuant to 11 U.S.C. § 707(a), for failure to timely comply with 11 U.S.C. § 521;

C. That a Rule to Show Cause be issued against Debtor for its failure to comply with § 521;

D. That Debtor be Ordered to comply with § 521, by stating his intent to redeem or reaffirm;

E. That a Rule to Show Cause be issued against the Trustee for its failure to comply with 11 U.S.C. § 704(3);

F. That Gaudio be awarded attorney's fees and costs pursuant to Fed. R.Bankr.P. 9011, for Debtor's failure to comply with § 521 and otherwise filing insufficient and defective pleadings thereof.

Gaudio thereby seeks to recover the pre-petition debt from Debtor, at least to the extent of the vehicle's value at the time the petition was filed, although Gaudio has not filed any action to bar dischargeability of that debt.

Debtor's counsel orally stated on the record in open court that Debtor has no intent to redeem the vehicle or reaffirm the debt with respect thereto. The Court immediately announced a willingness to modify the stay to allow recovery of the car, but Gaudio's counsel continued to pursue its motion for all requested relief. Accordingly, an evidentiary hearing was set. Following said hearing, at which evidence was taken and considered, the parties rested and argument was heard.

The Court now makes and enters the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. On or about February 26, 1992, Mr. Crooks purchased a used 1983 Cadillac Sedan de Ville Elegance from Gaudio Motors, pursuant to a Motor Vehicle Retail Installment Contract, granting to the Creditor a security interest in that automobile.

2. Thereafter, the Debtor defaulted in his installment payments under the contract.

3. On May 12, 1992, the Debtor David Crooks filed his Voluntary Petition for relief under Chapter 7 of the Bankruptcy Code.

4. (a) Filed with Debtor's Voluntary petition was a "Chapter 7 Individual Debtor's Statement of Intention" signed by the Debtor, stating, "My intention with respect to the property of the estate which secures those consumer debts is as follows:" and which indicated under section (b) "Property to be Retained", a "1983 Sidan [sic] Deville" and the creditor's name of "Gaudio Motors".

---

1. The state court action seeks to recover the pre-petition debt as well as the car.

(b) Although the aforesaid form under section (b) had a space for the Debtor to "specify Reaff'd, Red'd or Exempt to state debtor's intention concerning reaffirmation, redemption, or lien avoidance", the Schedule failed to so specify and was left blank next to the reference to the automobile.

(c) In his written Statement of Intention, which was signed and filed with the Debtor's original Petition, paragraph (3) thereof further stated: "I understand that § 521(2)(b) of the Bankruptcy Code requires that I perform the above stated intention within 45 days of the filing of this Statement with the court, or within such additional time as the court, for cause, within such 45-day period fixes."

5. In fact, Mr. Crooks did not intend to retain possession of the automobile, and the listing of the automobile under the section of property to be retained was an error. Mr. Crooks verbally expressed his true intention to surrender the car at the first Meeting of Creditors in this cause held under 11 U.S.C. § 341 on June 24, 1992. In the hallway outside the meeting room, Mr. Crooks informed Mr. Robert B. Morton, the attorney for Gaudio, that he did not wish to retain possession of the automobile. At that time, Mr. Crooks offered to surrender the car to Gaudio Motors. Mr. Morton refused that offer on the spot. Instead, he immediately responded that Mr. Crooks would have to pay the debt in full and that Gaudio Motors would not accept the surrender of the car.

6. Mr. Crooks thereby expressed his verbal offer to surrender the automobile to Gaudio less than 45 days after the date the written Statement of Intention was filed with this Court, even though his offer to return was rejected on the spot. In effect, Mr. Crooks thereby orally expressed to the Creditor's representative his intention to amend his Statement of Intention. However, the Debtor never sought leave of Court to file a late or amended Statement of Intention.

7. At some date not established by evidence, Gaudio learned that the subject vehicle was damaged to an unknown extent. Therefore, it does not deem return of the vehicle to be adequate remedy, even though the offer to return it was repeated during the hearing before this Court.

8. Debtor has in fact held possession of the vehicle to the present date. Despite his oral intent and willingness to return the vehicle expressed in the hallway immediately following the Meeting of Creditors, the evidence did not show any other effort on his part to return the vehicle. Certainly no physical effort was made to deliver the automobile or the keys thereto. Debtor never moved the Court for an extension of time to perform what he told Gaudio and its counsel was his true intent—to return the vehicle. Indeed, even though Debtor was ordered by the Court to deliver the automobile to the Creditor for inspection and evaluation prior to the evidentiary hearing, he failed to do so. As a sanction, he was barred *in limine* from offering his own evidence as to the vehicle's value.

9. At the time of original purchase on or about February 26, 1992, the fair market value of the subject automobile was $4,923, including tax and license, or approximately $4,500, excluding tax and license fees. The automobile was then in good condition, both physically and mechanically. No evidence was presented at the hearing to demonstrate that the condition of the automobile had materially changed as of the date Debtor's bankruptcy petition was filed three months later. However, some depreciation in value was likely during even that short period. Debtor has acted consistent with a present inability to drive the vehicle, and Gaudio clearly does not deem return of the vehicle to be an adequate remedy because it is believed to be damaged.

10. The expert testimony presented by Gaudio (through Mr. Anthony Gaudio) appraised the fair market value of Debtor's automobile in its assumed good condition as of the date of bankruptcy filing to be approximately $3,500 wholesale, and approximately $4,200 retail.

11. Mr. Gaudio further testified that, as recently as September 16, 1992, he attended a professional used car auction in the area wherein a comparable 1982 Fleetwood

Cadillac automobile was purchased wholesale at auction for the sum of $3,850.

12. Debtor did not offer any evidence on the issue of the fair market value of the automobile. As previously noted, he was barred from doing so because of his unexplained failure to produce the vehicle for Gaudio's pretrial inspection as ordered by the Court.

13. The Court finds from all the evidence that the fair market value of the subject vehicle at the time Debtor filed for bankruptcy protection on May 12, 1992 was $3,500. The present fair market value of that vehicle is unknown.

14. Gaudio has not filed an objection or Adversary complaint to bar dischargeability of the pre-petition debt due to it from Debtor, although it now seeks to recover that debt through these proceedings.

## CONCLUSIONS OF LAW

1. This matter is before the Court pursuant to 28 U.S.C. § 157 and is referred here under Local District Court Rule 2.33. Subject matter jurisdiction lies under 28 U.S.C. § 1334, and this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (G), and (O).

2. The Primary issue presented by Gaudio's motion is whether the Creditor can now force the Debtor to pay the $3,500 value of the automobile as of the date of filing because of Debtor's error in listing the automobile as property to be retained. Pursuant to 11 U.S.C. § 521(2) of the Bankruptcy Code:

> (2) if an individual debtor's schedule of assets and liabilities includes consumer debts which are secured by property of the estate—
>
> (A) within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property

is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to· reaffirm debts secured by such property;

> (B) within the forty-five days after the filing of a notice of intent under this section, or within such additional time as the court, for cause, within such forty-five day period fixes, the debtor shall perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph; and
>
> (C) nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or trustee's rights with regard to such property under this title.

3. The Seventh Circuit has discussed this section in *In re Edwards*, 901 F.2d 1383 (7th Cir.1990). That opinion pointed out that

> ... 11 U.S.C. § 521(2) directs a debtor to file a statement of intention of his or her plans either for keeping or for relinquishing property abandoned by the estate or exempted from discharge. The Bankruptcy Code provides a debtor with three clear options in this regard. First, a debtor may choose to surrender the collateral to the creditor. If a debtor goes this route, the amount by which the debtor's obligations exceed the value of the collateral, if any, will be discharged. If, on the other hand, a debtor chooses to retain possession of secured collateral, he or she may choose to reaffirm the debt and enter into a new agreement with the creditor for repayment, 11 U.S.C. § 524(c), or the debtor may redeem the collateral by paying the creditor the amount of the secured claim or the fair market value of the collateral whichever is less, 11 U.S.C. § 722.

*Id.* at 1385. In *Edwards*, the Seventh Circuit held that a Chapter 7 debtor may not retain property of the estate that is collateral for a consumer debt unless that debtor either redeems the property or reaffirms the debt. *Id.* at 1386.

Gaudio argues that since Debtor signed and filed a written Statement of Intention

to retain the automobile and never sought leave of Court to amend that Statement, he is bound by his original stated intention to retain the automobile. Gaudio further contends that because the Debtor and Creditor did not agree to a debt reaffirmation, the only remaining alternative for Debtor is to redeem the secured collateral for its fair market value of $3,500 as of the date of petition filing.

4. Gaudio's argument fails for two reasons: First, there is no provision in § 521 or anywhere else in the Bankruptcy Code that prevents a debtor from electing to surrender secured property rather than redeeming it or reaffirming the debt. Section 521(2)(C) specifically provides that a debtor's rights to property are not altered by his or her election under § 521(2)(A). 11 U.S.C. § 521(2)(C). Section 524(c) of the Code provides that a debtor has the right to rescind a reaffirmation agreement "at any time prior to discharge or within sixty days after such agreement is filed with the court, whichever occurs later". 11 U.S.C. § 524(c)(2) and (4). Also, § 722 of the Code only creates an option for a debtor to redeem. *See* 11 U.S.C. § 722 ("An individual debtor may ... redeem tangible personal property ..."), and 11 U.S.C. § 524(f) ("Nothing contained in subsection (c) or (d) of this section prevents a debtor from voluntarily repaying any debt"). Therefore, Mr. Crooks has the option to surrender collateral notwithstanding his previously filed § 521(2) Statement of Intention that lists the collateral as property to be retained. *See In re McNeil,* 128 B.R. 603, 608 (Bankr.E.D.Penn.1991); *In re Barringer,* 61 B.R. 506 (Bankr.W.D.Tenn.1986); and *In re Eagle,* 51 B.R. 959 (Bankr. N.D.Ohio 1985) (all holding that a debtor's substantive right to choose between redemption, reaffirmation, and surrender are not affected by § 521(2)). *See also* 3 *Collier on Bankruptcy,* ¶ 521.09A (15th Ed. 1992), which makes clear that

> ... because [§ 521(2)] is intended to affect only procedure, and not substantive rights of the debtor, the debtor may still decide not to follow through on the stated intention, and choose, for example, not to redeem or reaffirm even though an intention to do so was originally stated.

The cases cited by Gaudio do not support its view that a debtor loses the option to surrender collateral if the § 521(2) Statement lists it as property to be retained because none of them address the issue in this case. *In re Edwards, supra,* merely holds that a debtor who chooses not to surrender collateral must either redeem it or reaffirm the debt. 901 F.2d at 1386. Both *Home Owners Funding Corp. of America v. Belanger,* 128 B.R. 142, 145 (E.D.N.C.1990), and *In re Chavarria,* 117 B.R. 582 (Bankr.D.Id.1990), decided the same issue presented in *Edwards.*[2] Indeed all three opinions state that a debtor has the option to surrender collateral. *Edwards,* 901 F.2d at 1385; *Home Owners,* 128 B.R. at 145; *Chavarria,* 117 B.R. at 584.

■ 5. The creditor's argument fails for a second reason. Assuming *arguendo* that § 521(2) creates a substantive obligation for Debtor to redeem the automobile in accord with his Statement of Intention and that Debtor has failed to comply with § 521(2), Gaudio has no *standing* to enforce this obligation. Section 704(3) vests the responsibility of enforcing a debtor's compliance with § 521(2) in the Chapter 7 trustee. *See* 11 U.S.C. § 704(3) ("The trustee shall ... ensure that the debtor shall perform his intention as specified in section 521(2)(B) of this title ..."). The weight of authority considering this issue has held that, since § 521 does not contain any enforcement provisions and since § 704(3) vests enforcement authority with the trustee, a secured creditor may not directly enforce a debtor's § 521(2) obligations. *In re McNeil,* 128 B.R. at 609; *In re Logan,* 124 B.R. 729, 733–34 (Bankr.S.D.Ohio 1991); *In re Bayless,* 78 B.R. 506, 510 (Bankr. S.D.Ohio 1987); *In re Williams,* 64 B.R. 737, 738 (Bankr.S.D.Ohio 1986); *contra In re Chavarria,* 117 B.R. at 585 (holding

2. The court in *Chavarria* adopted the reasoning in *Edwards,* 117 B.R. at 584, while the court in

*Home Owners* rejected it in favor of a contrary line of authority. 128 B.R. at 144.

without analysis that a secured party may enforce § 521(2) obligations because it is an interested party). Although the movant in *Edwards* was the secured party and not the trustee, 901 F.2d at 1384, the standing issue was not discussed or decided by the Seventh Circuit panel in that opinion. Therefore, it is doubtful that *Edwards* is controlling precedent on this question.

6. Gaudio has also moved for a rule to show cause against Debtor for failing to comply with his § 521(2) Statement and against the trustee for failing to enforce Debtor's § 521(2) obligations. These requests fail for two reasons. First, a "rule to show cause" has no application in federal bankruptcy court. *In re Torres,* 117 B.R. 379, 387 (Bankr.N.D.Ill.1990). Contempt procedure is provided under Fed. R.Bankr.P. 9020, and has not been followed by movant. Second, to the extent that Gaudio is requesting the Court to hold either Debtor or the trustee in contempt pursuant to Fed.R.Bankr.P. 9020(b), the motion must fail because § 521(2) does not provide any basis for such a holding. *In re Williams,* 64 B.R. at 738. As stated above, § 521(2) is merely a procedural requirement which does not create any new substantive rights against debtors. The Court will not hold Debtor in contempt for acting on his statutory entitlement to change his mind after filing his Statement.

7. As for the trustee, there is no evidence that Gaudio sought involvement of the trustee to enforce Debtor's compliance with his § 521(2) Statement before filing this motion, nor evidence that Gaudio pointed out Debtor's asserted non-compliance at the § 341 meeting. Therefore, the trustee is entitled to assume that Debtor complied with his § 521(2) Statement. *In re Bayless,* 78 B.R. at 510.

8. Gaudio's request for dismissal under 11 U.S.C. § 707(a) is also unwarranted under the circumstances. Failure to file a correct § 521(2) Statement of Intention is not specifically listed in § 707(a) as a cause for dismissal, but grounds for cause that are listed in § 707(a) are merely illustrative and not exclusive. *In re Atlas Supply Corp.,* 857 F.2d 1061, 1063 (5th Cir.1988);

*In re Hammonds,* 139 B.R. 535, 540 (Bankr.D.Colo.1992). One court has considered a debtor's complete failure to comply with § 521(2) as a cause for dismissing a case under § 707(a). *See In re Green,* 119 B.R. 72 (Bankr.D.Md.1990). However, the debtor in *Green* consistently ignored both the creditor's proposals for treatment of the secured debt and the court's orders directing him to file a § 521(2) statement. The court concluded that, "[d]ebtor has not sought to explain any defense it may have to this motion or his dilatory behavior. Considering debtor's behavior and the extreme delay to which [the creditor-movant] has been subjected, dismissal is appropriate." *Id.* at 74.

9. Mr. Crooks has not engaged in dilatory tactics similar to those in *Green.* Instead, he filed a § 521(2) statement, informed the creditor of his true intent within 45 days after that filing, and offered to surrender the automobile to Gaudio at the first meeting of creditors. In light of the clear and immediate refusal by Gaudio's attorney and insistence by Gaudio on full payment of the debt, the continued possession of the automobile by debtor and his failure to take any further steps to surrender it was reasonable and proper. Moreover, Gaudio has not been prejudiced by Debtor's election at the creditors' meeting to surrender the automobile. That auto has been available for repossession since the § 341 meeting when Mr. Crooks offered to surrender it. If the vehicle is indeed damaged, that damage occurred either before or after the § 341 meeting. If afterwards, Gaudio can hardly complain of what happened after it refused the vehicle. If before, it cannot complain of being informed of the intent to surrender within the 45 days permitted debtor by § 521(2)(B). If Gaudio can establish a post-petition cause of action against Debtor for damage to the vehicle while it remained in Debtor's possession post-petition, that would not constitute cause for dismissal of Debtor's bankruptcy proceeding.

10. One remedy that is certainly available to a creditor to redress Debtor's failure to redeem or reaffirm is relief from

the automatic stay pursuant to 11 U.S.C. § 362(d). *In re Logan,* 124 B.R. at 734 (the sanction for failure to comply with § 521(2) is relief from the automatic stay). Gaudio's request for relief from the automatic stay to permit it to recover the automobile through its lawsuit in the Circuit Court of Cook County would be mooted if Debtor surrenders the automobile to Gaudio by informing the creditor of its whereabouts, but Debtor did not do that. Therefore, cause exists under 11 U.S.C. § 362(d) to modify the stay, as offered by the Court when the motion was filed, and the stay will be modified to allow Gaudio to recover the automobile through state court proceedings. The stay does not, under 11 U.S.C. § 362, apply to causes of action or claims that arise post-petition, so any such claims are not affected by that provision or this ruling.

■ 11. Gaudio's motion also seeks relief from the stay to pursue a judgment against Mr. Crooks personally for the prepetition debt. Since Debtor is entitled to a discharge under 11 U.S.C. § 727, and Gaudio never filed a complaint to bar discharge or dischargeability of the debt due it, this request is denied. A complaint to bar dischargeability or discharge must be filed by Adversary complaint under Fed.R.Bankr.P. 7001 within 60 days of the first date set for meeting of creditors. Fed.R.Bankr.P. 4004 and 4007. A creditor may not seek to avoid all those requirements through the proceeding brought by the creditor here.

■ 12. Gaudio also requests that the Debtor be sanctioned pursuant to Fed. R.Bankr.P. 9011 for his failure to comply with § 521(2). Debtor's Statement of Intention was incorrectly filled out, and Debtor's attorney did not seek to file an amended Statement. However, the error was verbally corrected at the meeting of creditors. There is no evidence that Gaudio was prejudiced by the original error or by Debtor's failure to file a written amendment to the Statement. Gaudio cites *In re Logan,* 124 B.R. 729, in support of its argument for sanctions. However, the Court in *Logan* found no basis for the creditor's demand for sanctions and subsequently de-

nied that request. *Id.,* 124 B.R. at 734–35. This Court also finds no basis for sanctioning Debtor pursuant to Rule 9011. There is a great difference between Debtor's mistaken statement of future intent expressed in his § 521(2) statement, and a false pleading under Rule 9011.

## CONCLUSION

Accordingly, by order entered separately this day, all relief requested by Gaudio Motors is denied except for its request to modify the stay to permit it to seek repossession of the automobile through its lawsuit in the Circuit Court of Cook County and through exercise of its other rights under state law.