**In re Barry Joseph JEWELL, Debtor.**

**Bankruptcy No. 96–43635–S.**

United States Bankruptcy Court, E.D. Texas, Sherman Division.

April 6, 1999.

Richard Pelley, Sherman, TX, for debtor.

Stephen Niermann, Carrollton, TX, for Sears.

## OPINION

DONALD R. SHARP, Chief Judge.

NOW before the court for consideration is a Motion to Redeem Property Secured by Sears filed by Barry Joseph Jewell. Sears objected to the Motion to Redeem. At the conclusion of the hearing, the matter was taken under advisement. This opinion constitutes the Court's findings of fact and conclusions of law to the extent required by Federal Rules of Bankruptcy Procedure 7052 and disposes of all issues before the Court.

### FACTUAL AND PROCEDURAL BACKGROUND

1. The Debtor, Barry Joseph Jewell (hereinafter referred to as the "Debtor"), filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on December 31, 1996.

2. Debtor filed his schedules on January 16, 1997. Then on January 22, 1997, Debtor filed a Motion to Redeem property secured by Sears. The property Debtor wishes to redeem consists of a range, dishwasher, and a microwave oven.

### DISCUSSION

■ The Motion to Redeem property is filed pursuant to § 722 of the Bankruptcy Code. Section 722 states:

An individual debtor may, whether or not the debtor has waived the right to redeem under this section, redeem tangible personal property intended primarily for personal, family, or household use, from a lien securing a dischargeable consumer debt, if such property is exempted under section 522 of this title or has been abandoned under section 554 of this title, by paying the holder of such lien the amount of the allowed secured claim of such holder that is secured by such lien.

11 U.S.C. § 722

Sears filed an objection to Debtor's Motion to Redeem admitting that the bankruptcy was filed and that they held a secured interest in the property. Sears denied that the debt or property was consumer related, that the debt secured by the lien was dischargeable and that the property was either exempt or abandoned. At the hearing, Sears' counsel defended vigorously on the basis that such action is improper and premature [1]. Sears claims they do not have enough time to determine exemptions when the Debtor files a Motion to Redeem within several days of Debtor filing his schedules and prior to the 341 meeting of creditors. To support their position, Sears cited *In re Cassar* which holds that any motion to redeem property before the time period for creditors to file objections to exemptions or complaints to except debts from discharge is premature. *In re Cassar*, 139 B.R. 253 (Bankr.D.Colo.1992). In addition, they argued that Debtor did not comply with Bankruptcy Rule 1007(b).

In *Cassar*, the debtor filed a Chapter 7 petition and four Motions to Redeem on the same day. The court held that the Motions to Redeem were premature and were not warranted by existing law, nor could any attorney put forth, in good faith, arguments for the extension, modification, or reversal of existing law. The court further held that the statute is clear as to the requirements for redemption and as such found that counsel violated Bankruptcy Rule 9011(a) for filing such motions. The Court found that any Motions to Redeem filed prior to the deadline for objecting to exemptions or objecting to dischargeability were premature because the

---

1. Sears offered no evidence on the issues of consumer related status, dischargeability or    the exempt status of the property.

question of exemptions or dischargeability of the debt could not be determined prior to that date. On request for rehearing, the Debtors pointed out what they felt to be an inconsistency in that the time periods set forth in 11 U.S.C. § 521(2)(A) requires the debtor to file a statement of intention as to whether he intends to redeem property secured by consumer debt within 30 days of the filing of the Chapter 7 petition. Section 521(2)(B) then requires that the Debtor perform that expressed intention within 45 days after filing of the statement of intentions. Therefore, the maximum allowable period in which the debtor may redeem property is 75 days from the date of the filing of the petition. The deadline for filing objections to exemptions is 30 days from the date of the § 341 first meeting of creditors and the date for filing complaints to except a debt from discharge is 60 days from the 341 meeting date. Therefore, the deadline for objecting to exemptions is between 50 and 70 days and the deadline for filing complaints to except debt from discharge is between 80 and 100 days from the date of the filing of the petition. Obviously, if the 75 day maximum period mandated by § 521 of the Code is strictly adhered to, the Debtor would be unable to redeem property in many circumstances. The Cassar court refused to rehear the controversy, reasoning that the time period in 521 were mere guidelines and not to be strictly adhered to and maintained its ruling that any Motion to Redeem filed prior to the deadline for filing objections to exemptions and objections to dischargeability was premature.

The Court finds that the Code is silent as to when the Debtor must exercise his option to redeem under 11 U.S.C. § 722. There is no language in section 722 which indicates that the Debtor is confined to any given time period for exercising the right of redemption. This section only states the four requirements that Debtor must show at the hearing on the Motion to Redeem: (1) both the property subject to the lien and the underlying debt must be consumer-related; (2) the debt secured by the lien must be dischargeable in bankruptcy; (3) the property must either be exempted under the Code § 522 or abandoned under § 554; and (4) the debtor must pay the lienholder the amount of the allowed secured claim. If the Debtor fails to satisfy the requirements the Motion to Redeem shall be denied.

■ Despite the arguments of Sears and the ruling in *In re Cassar*, the Court holds that Debtor is entitled to file a Motion to Redeem prior to the deadline for filing objections to exemptions and complaints to except debt from discharge. This Court simply cannot subscribe to the reasoning in Cassar. It is true that the question of exemption and dischargeability must be determined before the redemption is allowed. This Court can discern no reason why that cannot be determined at the hearing on the Motion to Redeem. To hold that the Debtor must wait until the deadline for objecting to exemptions and dischargeability has passed, does nothing but delay matters and place the Debtor in a situation where he either has to continue to pay his monthly installments without knowing whether he can redeem the property or go into default while awaiting to see whether the Creditor wishes to object to exemptions or dischargeability. It seems that the real issue is a question of fundamental fairness. How has the Creditor been unfairly treated by being forced to litigate the issue early in the case? In this case, Sears argued that because of the size and complexity of its operation, it was simply not able to respond within the 20 day time period given to respond to motions. That 20 day time period would not change whether the motion is filed on the day of the petition or the day after the deadline passes to object to dischargeability. Also, there is no rational reason why the issue of exemption, dischargeability, consumer use and all other issues cannot be tried at the hearing on the Motion for Redemption. If any Creditor has a problem gathering information in preparing for

a hearing, motions for continuance are routinely and freely granted in this Court and all other courts. This Court can ascertain no reason why any Creditor is placed at a disadvantage by having to deal with the ultimate issues of dischargeability and exemptions in connection with a Motion to Redeem. It is clear that section 722 does not prohibit such action. Furthermore, such action does not violate the Bankruptcy Rules. The Bankruptcy Rules merely establish deadline in which the Creditor can file objections and complaints.[2]

The evidence introduced by the Debtor on the value of the goods, the consumer nature of the debt, the exempt status of the property and the dischargeability of the debt satisfies the requirements of § 722. Having disposed of Sears primary contention in the discussion above, the Court finds that the Motion must be and is GRANTED.

---

**2.** Fed.R.Bankr.Proc. 4003 and Fed.R.Bankr. Proc. 4007.